IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SUZANNE IVIE,

        Plaintiff,

                                    No. 3:19-CV-01657-JR

vs.

                                    **VERDICT FORM**

ASTRAZENECA PHARMACEUTICALS,
LP,

        Defendant.

We, the jury, being first duly empaneled and sworn, do find our verdict as follows:

**QUESTION 1: Claim for False Claims Act Retaliation**

Did plaintiff prove by a preponderance of the evidence that defendant terminated plaintiff because she complained about her manager's alleged encouragement of off-label drug marketing—that is, that defendant would not have terminated plaintiff but for that complaint?

                Yes \_\_\_\_\_    No __X__

Go to Question 2.

**QUESTION 2: Claim for Oregon Whistleblower Protection Law Retaliation**

Did plaintiff prove by a preponderance of the evidence that defendant terminated plaintiff because she made a good faith report of conduct by defendant that she believed to be a violation of state or federal law, rule, or regulation—that is, that plaintiff's report made a difference in defendant's decision to terminate plaintiff?

                Yes __X__    No \_\_\_\_\_

Go to Question 3.

**QUESTION 3: Claim for Age Discrimination in Employment Act Discrimination**

Did plaintiff prove by a preponderance of the evidence that defendant terminated the plaintiff because of her age—that is, that defendant would not have terminated the plaintiff but for her age?

    Yes _____  No __X__

Go to Question 4.

**QUESTION 4: Claim for Age Discrimination in Employment Act Retaliation**

Did plaintiff prove by a preponderance of the evidence that defendant terminated the plaintiff because she complained to defendant that she had been discriminated against based on her age— that is, that defendant would not have terminated the plaintiff but for that complaint?

    Yes _____  No __X__

Go to Question 5.

**QUESTION 5: Claim for Family and Medical Leave Act (FMLA)/Oregon Family Leave Act (OFLA) Retaliation/Discrimination**

Did plaintiff prove by a preponderance of the evidence that plaintiff's medical leave was a negative factor in the defendant's decision to terminate her employment?

    Yes _____  No __X__

Go to Question 6.

**QUESTION 6: Claim for State Law Employment Discrimination**

Did plaintiff prove that the plaintiff's age was a substantial factor in the defendant's decision to terminate the plaintiff—that is, that defendant would not have terminated the plaintiff but for her age?

    Yes _____  No __X__

If you answered "yes" to Question 1, 2, 3, 4, 5, or 6, proceed to Question 7. Otherwise, your verdict is complete; do not answer any more questions; your presiding juror should date and sign this verdict form and advise the bailiff that you are ready to return to the courtroom.

**QUESTION 7: Economic Damages – Back Pay**

What lost wages and benefits, if any, did plaintiff prove by a preponderance of the evidence that she sustained as a result of defendant's unlawful actions from the date of plaintiff's termination through the first day of this trial?

$ ~~~~~ 510,423

Go to Question 8.

**QUESTION 8: Economic Damages – Front Pay**

What lost wages and benefits, if any, did plaintiff prove by a preponderance of the evidence that she would have earned had her employment not been terminated as a result of defendant's unlawful actions for the period from the date of your verdict until the date when plaintiff would have voluntarily resigned/retired or obtained other employment?

$ 0 ~~~~~~~~~~ If you answered "yes" to Question 1, 2, or 6 above, go to Question 9. Otherwise, go to Question 10.

**QUESTION 9: Non-Economic Damages – Emotional Distress, Suffering, & Reputational Harm**

What damages for emotional distress, suffering, or reputational harm, if any, did plaintiff prove by a preponderance of the evidence that she sustained as a result of defendant's unlawful actions?

$ 1,872,000

If you awarded plaintiff any damages in response to Question 7, 8, or 9, go to Question 10. Otherwise, your verdict is complete; do not answer any more questions; your presiding juror should sign and date this verdict form and advise the bailiff that you are ready to return to the courtroom.

**QUESTION 10: Mitigation of All Damages**

Did defendant prove by a preponderance of the evidence that plaintiff failed to use reasonable efforts to mitigate her damages?

Yes _____ No __X__

If you answered "no" to Question 10, go to Question 12. Otherwise, go to Question 11.

**QUESTION 11: Mitigation of Damages, Amount**

By what amount, if any, should plaintiff's damages be reduced because she failed to mitigate her damages?

$ 0

4

If you answered "Yes" to Question 3 or 4, and you awarded the plaintiff any damages for back pay in response to Question **7**, Go to Question 12. Otherwise, your verdict is complete. Your presiding juror should sign and date this verdict form and advise the bailiff that you are ready to return to the courtroom.

**QUESTION 12: Age Discrimination in Employment Act Willfulness**

Did the plaintiff prove by a preponderance of the evidence that the defendant knew or showed reckless disregard for whether the plaintiff's termination was prohibited by the Age Discrimination in Employment Act?

Yes _____   No  X

Your deliberations are complete. Your presiding juror should sign and date this verdict form and advise the bailiff that you are ready to return to the courtroom.

Dated this 22 day of June, 2021.

_____
**Presiding Juror**

5