**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

*Attorney for AstraZeneca Pharmaceuticals, LP*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **SUZANNE IVIE,** | No. 3:19-CV-01657-JR |
| Plaintiff, | **DEFENDANT ASTRAZENECA PHARMACEUTICALS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, FOR A NEW TRIAL** |
| vs. | |
| **ASTRAZENECA PHARMACEUTICALS, LP,** | **ORAL ARGUMENT REQUESTED** |
| Defendant. | |

ASTRAZENECA'S MOTION FOR JUDGMENT AS A
MATTER OF LAW

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

# <u>TABLE OF CONTENTS</u>

**Page**

LR 7-1(A) CERTIFICATION ................................................................. 1

MOTION........................................................................................... 1

MEMORANDUM .............................................................................. 1

I.      INTRODUCTION ................................................................. 1

II.     ARGUMENT ......................................................................... 2

     A.    Standards ..................................................................... 2

     B.    AstraZeneca Is Entitled To Judgment In Order To Prevent The Improper, Extraterritorial Application Of Oregon's Whistleblower Protection Law........ 3

          1.    Oregon's Whistleblower Protection Law Does Not Apply To Conduct That Did Not Occur In Oregon; Here, There Is No Evidence Of Any Violation Occurring In Or Connected To Oregon. ............................... 3

          2.    Oregon's Whistleblower Protection Law Cannot Support The Plaintiff's Verdict Because Any Such Extraterritorial Application Of Oregon Law Would Infringe Constitutional Protections: The Fourteenth Amendment's Due Process Clause And The Dormant Commerce Clause. ................................................................ 8

          3.    Oregon's Choice Of Law Rules Confirm That Liability May Not Be Imposed Based On Oregon's Whistleblower Protection Law. ........... 10

     C.    A New Trial Is Required Because The Verdict Awarded Excessive And Unjustified Damages.................................................. 13

          1.    The Backpay and Non-Economic Damages Awards Are Unsupported By The Evidence Because The Verdict Establishes Plaintiff Was Not Terminated "But For" Her Whistleblower Complaint........................ 13

          2.    The Award Of $1,872,000 For Non-Economic Damages Is Grossly Excessive And Not Supported By Evidence...................................... 15

     III.    CONCLUSION............................................................................ 20

Page i -   ASTRAZENECA'S MOTION FOR JUDGMENT AS A MATTER OF LAW

DB2/ 41178930.8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Hague*,
    449 U.S. 302 (1981)...........................................................................................9

*Aued v. Comverse, Inc.*,
    No. 08-021132-CIV, 2009 WL 10667411 (S.D. Fla. July 7, 2009) .........................6

*Babb v. Wilkie*,
    140 S. Ct. 1168 (2020)..............................................................................13, 15

*Brady v. Gebbie*,
    859 F.2d 1543 (9th Cir. 1988) .............................................................................16

*Cooper Indus. v. Leatherman Tool Grp., Inc.*,
    532 U.S. 424 (2001).............................................................................................15

*D & S Redi-Mix v. Sierra Redi-Mix & Contracting Co.*,
    692 F.2d 1245 (9th Cir. 1982) .............................................................................16

*Del Monte Dunes at Monterey, Ltd. v. City of Monterey*,
    95 F.3d 1422 (9th Cir. 1996) ...............................................................................16

*Dennis v. Higgins*,
    498 U.S. 439 (1991)...............................................................................................9

*Dubeau v. Dartmouth Hitchcock Med. Ctr.*,
    No. 1:11-CV-255-JGM, 2012 WL 1928441 (D. Vt. May 25, 2012)........................6

*English v. Gen. Dynamics Mission Sys., Inc.*,
    EDCV 18-908 JGB, 2019 WL 2619658 (C.D. Cal. May 8, 2019).........................6

*Escriba v. Foster Poultry Farms, Inc.*,
    743 F.3d 1236 (9th Cir. 2014) ...............................................................................2

*Fields v. Legacy Health Sys.*,
    413 F.3d 943 (9th Cir. 2005) ...............................................................................11

*Greisen v. Hanken*,
    252 F. Supp. 3d 1042 (D. Or. 2017) ....................................................................16

*Grove City Veterinary Serv., LLC v. Charter Practices. Int'l LLC*,
    No. 3:13-CV-02276-AC, 2014 WL 3371918 (D. Or. July 9, 2014 .........................5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

*Healy v. Beer Inst.*,
   491 U.S. 324 (1989)...................................................................................................9

*Huang v. Fluidmesh Networks, LLC*,
   16-CV-9566, 2017 WL 3034672 (N.D. Ill. July 18, 2017) .......................................6

*Johnson v. Albertsons LLC*,
   No. 2:18-1678-RAJ, 2020 WL 3604107 (W.D. Wash. July 2, 2020) ........................16, 17, 18

*U.S., ex rel. Johnson v. Mission Support, Inc.*,
   No. 2:08-CV-877, 2011 WL 1326899 (D. Utah Apr. 6, 2011)..................................12, 17

*Jones v. United States*,
   526 U.S. 227 (1999)...................................................................................................8

*State ex rel Juvenile Dept. v. Casteel*,
   18 Or. App. 70, 523 P.2d 1039 (1974).....................................................................4

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
   313 U.S. 487 (1941)...................................................................................................11

*Landes Const. Co. v. Royal Bank of Can.*,
   833 F.2d 1365 (9th Cir. 1987) ..................................................................................3

*Longfellow v. Jackson County.*,
   No. CV 06-3043-PA, 2007 WL 682455 (D. Or. Feb. 28, 2007) ..............................16, 17

*Molski v. M.J. Cable, Inc.*,
   481 F.3d 724 (9th Cir. 2007) ....................................................................................2

*Montgomery Ward & Co. v. Duncan*,
   311 U.S. 243 (1940)...................................................................................................10

*Murphy v. City of Long Beach*,
   914 F.2d 183 (9th Cir. 1990) ....................................................................................3

*Natkin v. Am. Osteopathic Ass'n*,
   No. 3:16-CV-01494-SB, 2018 WL 452165 (D. Or. Jan. 17, 2018)...........................5

*Ogden v. Bureau of Labor*,
   68 Or. App. 235, 682 P.2d 802 (1984)......................................................................5

*Oltz v. St. Peter's Cmty. Hosp.*,
   861 F.2d 1440 (9th Cir. 1988) ..................................................................................3

*Oracle Corp. v. SAP AG*,
   765 F.3d 1081 (9th Cir. 2014) ..................................................................................16

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

*Paul v. Asbury Automotive Grp., LLC*,
    No. CIV. 06-1603-KI, 2009 WL 188592 (D. Or. Jan. 23, 2009).....................................16, 17

*Person v. Bank of Am. N.A.*,
    No. 3:13-CV-00283-JE, 2013 WL 3353773 (D. Or. June 28, 2013)..........................................5

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985)...........................................................................................................9

*Salem Coll. & Acad., Inc. v. Empl. Div.*,
    298 Or. 471, 695 P.2d 25 (1985) ......................................................................................9

*Shah v. Meier Enterprises, Inc.*,
    2018 WL 4374166 (D. Or. Sept. 13, 2018) ................................................................11, 12

*State v. Kitzman*,
    323 Or. 589, 920 P.2d 134 (1996) ....................................................................................8

*State v. Meyer*,
    183 Or. App. 536, 53 P.3d 940 (2002)..........................................................................3, 4

*Sullivan v. Oracle Corp.*,
    662 F.3d 1265 (9th Cir. 2011) .........................................................................................10

*Swift & Co. v. Peterson*,
    192 Or. 97 (1951)..............................................................................................................4

*Ward v. United Airlines*,
    986 F.3d 1234 (9th Cir. 2021) .....................................................................................9, 10

*Weil v. Citizens Telecom Servs. Co., LLC*,
    No. C15-835JLR, 2019 WL 5862965 (W.D. Wash. Nov. 8, 2019) ....................................14

*Weinberg v. Valeant Pharms. Int'l*,
    No. 8:15-CV-1260-KES, 2017 WL 6543822 (C.D. Cal. Aug. 10, 2017)...............................6

**Statutes**

False Claims Act, 31 U.S.C. § 3730(h)
    .................................................................................................................2, 12, 13, 14

Oregon's Whistleblower Protection Law, ORS 659A.199.................................................. *passim*

Utah Code § 67-21-2(2).......................................................................................................12

Utah Code § 67-21-3............................................................................................................12

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

**Other Authorities**

Fed. R. Civ. P. 50 ................................................................................................. *passim*

Fed. R. Civ. P. 59 .......................................................................................................2

LR 7-1(A) ....................................................................................................................1

ASTRAZENECA'S MOTION FOR JUDGMENT AS A
MATTER OF LAW

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

DB2/ 41178930.8

## LR 7-1(A) CERTIFICATION

Counsel for AstraZeneca Pharmaceuticals, LP ("AstraZeneca") certifies that they met and conferred with Plaintiff's counsel regarding the subject motion, but were unable to resolve the dispute.

## MOTION

Under Federal Rule of Civil Procedure ("Rule") 50(b) and 59, AstraZeneca moves the Court for an order directing judgment as a matter of law in favor of AstraZeneca and against Plaintiff on Plaintiff's Sixth Claim for Relief. As a result of such an order, AstraZeneca would also be entitled to judgment in this case. Additionally, AstraZeneca seeks a new trial, conditionally if judgment as a matter of law is granted, or independently if judgment as a matter of law is not granted. This motion is supported by the legal memorandum that follows.

## MEMORANDUM

## I.    INTRODUCTION

AstraZeneca is entitled to judgment: Plaintiff did not present evidence allowing Oregon law to be applied to her grievances about her employment at AstraZeneca and her discharge. Plaintiff resides in Utah. AstraZeneca is headquartered in Delaware. Plaintiff complains of acts that did not occur in, or have a connection to, Oregon. That makes Oregon's Whistleblower Protection Law, ORS 659A.199—the basis for Plaintiff's verdict—inapplicable. To hold otherwise would be to sanction an improper, extraterritorial application, contrary to Oregon's substantive and conflict-of-law principles. Furthermore, an extraterritorial application of Oregon law must be rejected lest that law violate constitutional protections found in the Due Process and Dormant Commerce Clauses.

Additionally, the Court should grant a new trial, outright or conditionally, on the jury's non-economic and backpay damage awards to Plaintiff under her Oregon Whistleblower

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Protection claim.  The evidence at trial demonstrated—and the jury verdict established—that AstraZeneca would have discharged Plaintiff regardless of her whistleblower activities.  Given this, the $2.3 million award represents an unjust windfall that exceeds compensation for the whistleblower retaliation that the jury found under Oregon law.  Since the jury concluded, in response to the verdict question on the False Claims Act, that Plaintiff would have been terminated regardless of her whistleblowing activities, she cannot recover any damages she claims to have suffered as a result of her termination, including back pay and damages for emotional distress allegedly caused by her termination.  In addition, the sheer size and excessiveness of the non-economic damages verdict requires a new trial.

II.    **ARGUMENT**

 A.    **Standards**

  Judgment as a matter of law must be entered when there is no "legally sufficient evidentiary basis" for a claim.  *See* Fed. R. Civ. P. 50 (further providing: if the motion for j.m.o.l. is denied at the close of plaintiff's evidence, after the trial "the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59").  A renewed motion must be granted "if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242 (9th Cir. 2014) (quoting *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002)).

  The Court must grant a new trial if "the verdict is against the weight of the evidence." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)); Fed. R. Civ. P. 59.  If the Court decides the verdict is contrary to the clear weight of the evidence, or that a new trial is needed to prevent a miscarriage of justice, a new trial must be granted even if the verdict is supported by substantial evidence.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

*Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990).  The Court does not view the evidence in the light most favorable to the non-moving party.  *Landes Const. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1371 (9th Cir. 1987).  "[T]he trial judge does not sit to approve miscarriages of justice . . . [her] power to set aside the verdict is supported by clear precedent [and] has long been regarded as an integral part of trial by jury . . . If … the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that [she] will grant a new trial."  *Id*. at 1371-72.

When the court decides damages are excessive, it must grant a new trial though its order may be conditional:  affording the prevailing plaintiff an opportunity to accept a reduced, remitted amount of damages, thereby avoiding a new trial.  *Oltz v. St. Peter's Cmty. Hosp.*, 861 F.2d 1440, 1452 (9th Cir. 1988).  Additionally, if the Court grants j.m.o.l., it should conditionally rule on the new trial motion, per Fed. R. Civ. P. 50(c)(1).

**B.      AstraZeneca Is Entitled To Judgment In Order To Prevent The Improper, Extraterritorial Application Of Oregon's Whistleblower Protection Law**

Oregon's Whistleblower Protection Law—the sole basis for AstraZeneca's liability under the verdict—does not apply here because the conduct at issue lacks the connection to Oregon that is necessary for Oregon law to apply.  This result is dictated by Oregon law itself, as well as by constitutional limitations on the extraterritorial application of state law found in the Dormant Commerce Clause and the Due Process Clause of the Fourteenth Amendment.

1.      Oregon's Whistleblower Protection Law Does Not Apply To Conduct That Did Not Occur In Oregon; Here, There Is No Evidence Of Any Violation Occurring In Or Connected To Oregon.

Oregon statutes are governed by the rule that they must be construed to prohibit their extraterritorial application unless Oregon's Legislature intends them to have a broader scope.  *State v. Meyer*, 183 Or. App. 536, 544-45, 53 P.3d 940, 944 (2002) (explaining presumption

Page 3 -    ASTRAZENECA'S MOTION FOR JUDGMENT AS A
MATTER OF LAW

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

DB2/ 41178930.8

against extraterritorial application of Oregon law).  "No legislation is presumed to be intended to operate outside of the jurisdiction of the state enacting it.  In fact, a contrary presumption prevails and statutes are generally so construed."  *Swift & Co. v. Peterson*, 192 Or. 97, 121 (1951) (citing *Sandberg v. McDonald*, 248 U.S. 185 (1918)); *see also State ex rel Juvenile Dept. v. Casteel*, 18 Or. App. 70, 75, 523 P.2d 1039, 1041 (1974) ("It is axiomatic that the laws of a state have no extraterritorial effect.") (citing *Deardof v. Idaho Nat. Harvester Co.*, 90 Or. 425, 433, 177 P. 33 (1918)).

Nothing in Oregon's Whistleblower Protection Law discloses any intent for the law to operate outside of Oregon:

> It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.

ORS § 659A.199(1).  Under *Swift* and its progeny, this law—containing no mention of application outside of Oregon—is presumed only to govern conduct occurring in or connected to Oregon.  In *Swift*, the Oregon Supreme Court explained that when a statute is "silent" as to its application to out-of-state conduct, that "demonstrate(es) that the legislature had no intention to reach" conduct out-of-state, "well knowing that it had neither jurisdiction nor power to compel" out-of-state actions.  *Swift & Co.*, 192 Or. at 122.  More recently in *Meyer*, the Oregon Court of Appeals explained that even if a statute is ambiguous as to its geographic scope, the courts must presume it has no extraterritorial application because "state[] legislative enactments have effect only within the state's territory" and therefore "[t]hat constraint suggests that" the legislature does not "intend" for a statute to "extend outside" of Oregon.  183 Or. App. at 547.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

In keeping with this statutory analysis, courts applying Oregon law have recognized that a threshold requirement for the application of Oregon employment laws to employees outside the state is proof that discriminatory or retaliatory acts occurred in Oregon. *See Ogden v. Bureau of Labor*, 68 Or. App. 235, 240, 682 P.2d 802, 807 (1984), *aff'd in part, rev'd in part on other grounds,* 299 Or. 98, 699 P.2d 189 (1985) (holding Oregon law properly applied to out-of-state resident because alleged discrimination occurred in Oregon).  If, as here, none of the alleged discriminatory or retaliatory acts occurred in Oregon, and Plaintiff is not an Oregon resident, Oregon's employment statutes cannot apply. *E.g.*, *Grove City Veterinary Serv., LLC v. Charter Practices. Int'l LLC*, No. 3:13-CV-02276-AC, 2014 WL 3371918, at *7 (D. Or. July 9, 2014) (Oregon employment-discrimination laws apply to non-resident only if "some acts of discrimination" occurred in Oregon); *Person v. Bank of Am. N.A.*, No. 3:13-CV-00283-JE, 2013 WL 3353773, at *4 (D. Or. June 28, 2013) ("Oregon state statute prohibiting discrimination only applies to individuals residing and/or working in the State of Oregon").  This geographical connection is a fundamental prerequisite for all of Plaintiff's Oregon-law claims. *Id.* at *4 (plaintiff failed to state a claim for relief without allegations that plaintiff "resided or worked in Oregon or that any of the alleged discriminatory acts took place in Oregon").  Put differently, absent proof of a factual nexus between Oregon and an alleged discriminatory or retaliatory act, Plaintiff's Oregon-law claims fail. *Cf. Natkin v. Am. Osteopathic Ass'n*, No. 3:16-CV-01494-SB, 2018 WL 452165, at *19 (D. Or. Jan. 17, 2018) (holding California unfair competition claim inapplicable even though challenged policy adopted in California because "the allegedly unlawful acts all occurred in Oregon").

Oregon's approach accords with courts outside of Oregon, which have similarly limited the extraterritorial application of employment statutes— particularly whistleblower statutes.  *See*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

*English v. Gen. Dynamics Mission Sys., Inc.*, EDCV 18-908 JGB, 2019 WL 2619658, at *8

(C.D. Cal. May 8, 2019), *aff'd*, 808 F. App'x 529 (9th Cir. 2020) (granting summary judgment

for California Whistleblower Protection Act claim where "all employment decisions regarding

Plaintiff were made in Georgia"); *Weinberg v. Valeant Pharms. Int'l*, No. 8:15-CV-1260-KES,

2017 WL 6543822, at *6 (C.D. Cal. Aug. 10, 2017), *aff'd sub nom. Weinberg v. Valeant Pharms.*

*N. Am., LLC*, 765 F. App'x 328 (9th Cir. 2019) (applying California's presumption against

extraterritoriality to California whistleblower statute claim brought by Arizona plaintiff where no

retaliatory decision-making occurred in California); *Huang v. Fluidmesh Networks, LLC*, 16-CV-

9566, 2017 WL 3034672, at *5 (N.D. Ill. July 18, 2017) ( dismissing Illinois Whistleblower Act

claim where "[t]he only Illinois-related allegation in Plaintiff's IWA claim is that Defendant has

its principal place of business in the state" because "the retaliation [must] ha[ve] a connection to

Illinois"); *Dubeau v. Dartmouth Hitchcock Med. Ctr.*, No. 1:11-CV-255-JGM, 2012 WL

1928441, at *1-2 (D. Vt. May 25, 2012) (granting summary judgment on Vermont whistleblower

claim because employers were New Hampshire entities and "[t]here is no indication the statute

has, or is meant to have, an extra-territorial effect outside Vermont"); *Aued v. Comverse, Inc.*,

No. 08-021132-CIV, 2009 WL 10667411, at *5 (S.D. Fla. July 7, 2009) (granting motion to

dismiss Florida Whistleblower Act retaliation claim where plaintiff "alleged no contacts or

relationship with Florida").

     Turning to the trial record, AstraZeneca is entitled to judgment as a matter of law.

Plaintiff's complaint alleges that she is a Utah resident, and she did not dispute at trial that she

lived in Utah throughout the time she was employed by AstraZeneca. *E.g.* First Am. Compl.,

ECF No. 35, ¶ 5,  Trial Tr. Day 4, 145:7-15[1] (plaintiff's testimony about interacting with sales

---

[1] Finalized versions of each day of testimony have not been completed, so cites are to the unofficial versions.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

representatives near her home in Salt Lake City). When Plaintiff met with supervisors and co-workers, those meetings normally occurred in Utah; none occurred in Oregon. *Id.*, 199:24-200:05. To the extent Plaintiff's work had any central point, that point was Utah. As Plaintiff testified, she took most work-related calls from her home office in Utah, including those involving Human Resources about her complaints of off-label marketing, performance, and termination. *Id.*, 200:6-17.

Even viewing Plaintiff's testimony in the light most favorable to her attempts to apply Oregon law—and applying a broad definition of retaliatory acts—*none* of the alleged acts relevant to her whistleblower claim occurred in Oregon. The district meetings where Plaintiff alleged a discussion of unethical sales tactics occurred in Utah. *Id.*, 199:24-200:05. Human Resources and Compliance interviewed Plaintiff about her ethics complaints from places other than Oregon. Trial Tr., Day 2, 189:9-12. All decisions concerning Plaintiff's termination were made in Delaware, Texas, or Idaho, and communicated to Plaintiff in Utah. Trial Tr., Day 2, 88:17-21; Day 4, 200:6-17. Similarly, no one at AstraZeneca relevant to Plaintiff's ethics hotline complaint, or her termination, worked from Oregon. Commercial Business Director Stephanie DiNunzio, to whom Plaintiff reported and whom Plaintiff alleged in her ethics complaints had encouraged off-label sales tactics, worked from Boise, Idaho. Trial Tr., Day 3, 126:21-22. Matthew Gray, DiNunzio's manager, who made the termination decision, worked in Delaware. *Id.*, 154:21-25. Amy Welch, the Human Resources Business Partner, worked in Delaware. Trial Tr., Day 5, 123:10-11. Former Senior Employment Practices Partner Karen Belknap, who led the investigation into the HR aspects of Plaintiff's ethics hotline complaint, worked out of her home in Dallas, Texas. Trial Tr., Day 2, 88:17-21. Senior Assurance Partner Mike Pomponi, who led the investigation into the Compliance aspects of Plaintiff's complaint, worked in

Page 7 -   ASTRAZENECA'S MOTION FOR JUDGMENT AS A
MATTER OF LAW

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

DB2/ 41178930.8

Delaware.  *Id.*, 88:15-21.  Senior Employee Relations Partner Dawn Ceaser worked in Delaware. *Id.*, 146:8-9.

Indeed, Plaintiff does not contest that every event material to this case occurred outside of Oregon.  Her argument instead is that her territory included part of Oregon, which she claims provides a sufficient connection between Oregon and her employment to support application of Oregon law.  ECF 136 at 5. While Plaintiff did not testify that she performed any work for AstraZeneca in Oregon—as opposed to simply being assigned to a territory which includes Oregon—simply performing an unspecified amount of work in Oregon does not support the extraterritorial application of Oregon law to the entirety of her employment with AstraZeneca.

Judgment as a matter of law under Fed. R. Civ. P. 50(b) should be entered for AstraZeneca.

2.    <u>Oregon's Whistleblower Protection Law Cannot Support The Plaintiff's Verdict Because Any Such Extraterritorial Application Of Oregon Law Would Infringe Constitutional Protections: The Fourteenth Amendment's Due Process Clause And The Dormant Commerce Clause.</u>

Apart from the Oregon principles that compel that result, the Court must construe Oregon law to foreclose extraterritorial application in this case in order to avoid the constitutional issues that would arise if the Oregon Whistleblower Protection Law were applied to the out-of-state events of this case.  "[W]hen one plausible construction of a statute is constitutional and another plausible construction of a statute is unconstitutional, courts will assume that the legislature intended the constitutional meaning."  *State v. Kitzman*, 323 Or. 589, 602, 920 P.2d 134, 141 (1996).  But the canons of statutory interpretation go even further.  If one interpretation of a statute raises serious questions about its constitutional application in a given case, the Court should refrain from adopting that interpretation.  *Jones v. United States*, 526 U.S. 227, 239 (1999) ("[W]here a statute is susceptible of two constructions, by one of which grave and

Page 8 -    ASTRAZENECA'S MOTION FOR JUDGMENT AS A MATTER OF LAW

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

DB2/ 41178930.8

doubtful constitutional questions arise and by the other of which such questions are avoided,[a

court's] duty is to adopt the latter."); *Salem Coll. & Acad., Inc. v. Empl. Div.*, 298 Or. 471, 481,

695 P.2d 25, 32 (1985) (statutes should be construed to avoid possible unconstitutionality).

      Mindful of those principles, the U.S. Constitution restricts the extraterritorial application

of state laws.  One such restriction lies in the Due Process Clause of the Fourteenth Amendment.

In order to apply its law, a state must have "significant contacts" to the transaction or event at

issue such that application of that state's law is not "arbitrary nor fundamentally unfair."  *Phillips*

*Petroleum Co. v. Shutts*, 472 U.S. 797, 818 (1985) (quoting *Allstate Ins. Co. v. Hague*, 449 U.S.

302, 312-13 (1981)).  "The Due Process Clause prohibits the application of state law which is

only casually or slightly related to the litigation."  *Phillips*, 472 U.S. at 819; *see also Allstate*

*Ins.*, 449 U.S. at 308 (explaining that the court "has invalidated the choice of law of a State

which has had no significant contact or significant aggregation of contacts, creating state

interests, with the parties and the occurrence or transaction"), quoted in *Sullivan v. Oracle Corp.*,

662 F.3d 1265, 1271 (9th Cir. 2011).

      A second restriction arises from the Commerce Clause, which confers power on the

federal government, and as a result "it is also a substantive 'restriction on permissible state

regulation' of interstate commerce."  *Dennis v. Higgins*, 498 U.S. 439, 447 (1991).  This

substantive restriction is known as the "dormant" aspect of the Commerce Clause, and it

"precludes the application of a state statute to commerce that takes place wholly outside of the

State's borders, whether or not the commerce has effects within the State."  *Healy v. Beer Inst.*,

491 U.S. 324, 336 (1989).  That would be the result here if Oregon law were applied.

      In *Ward v. United Airlines,* 986 F.3d 1234, 1240 (9th Cir. 2021), the Ninth Circuit

analyzed a Dormant Commerce Clause challenge to the application of California's wage

Page 9 -    ASTRAZENECA'S MOTION FOR JUDGMENT AS A
MATTER OF LAW

DB2/ 41178930.8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

statement statute to employees who spent most of their time working outside of California. The statute in question was facially neutral as to in-state and out-of-state employees. Therefore, as the Ninth Circuit explained, "[t]he analysis required under the dormant Commerce Clause largely tracks the analysis that would be required under the Fourteenth Amendment's Due Process Clause." "The salient question" is whether a state's "ties to the employment relationship are sufficiently strong to justify" application of the state's laws over the employee. *Id.* at 1240.

Applying Due Process principles in *Sullivan v. Oracle Corp.*, 662 F.3d 1265, 1271 (9th Cir. 2011), the Ninth Circuit held that the California Labor Code could apply to non-resident employees of a California corporation because the defendant's headquarters were in California, the decision to misclassify employees was made in California, and that the unpaid overtime pay at issue was for "work performed in California." 662 F.3d at 1271. Similarly, in *Ward*, the Ninth Circuit held that the application of California wage statement requirements to employees "based for work purposes in California and [who] perform at least some work in California" did not violate the Dormant Commerce Clause. *Ward*, 986 F.3d at 1241.

No similar factors are present in this case. AstraZeneca did not make any relevant decisions about Plaintiff's employment in Oregon and none of the events concerning Plaintiff's employment and discharge occurred in Oregon.

AstraZeneca is entitled to judgment as a matter of law under Fed. R. Civ. P. 50(b): there can be no liability under Oregon's Whistleblower Protection Law.

3.    Oregon's Choice Of Law Rules Confirm That Liability May Not Be Imposed Based On Oregon's Whistleblower Protection Law.

Oregon's choice of law rules provide additional support for awarding judgment as a matter of law. First, those rules establish that Oregon law should not be applied to the

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

whistleblower grievances of the Plaintiff, a Utah resident.  Second, under the law of Plaintiff's

residence, which would be applicable, Plaintiff has no state law whistleblower cause of action.

Thus, the verdict against AstraZeneca represents an improper, extraterritorial application of

Oregon law aimed at avoiding rules established by Plaintiff's home state.

Where the laws of more than one jurisdiction arguably apply to an issue, a federal court

entertaining a state law claim applies the choice-of-law rules of the state where it is located.

*Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  Under Oregon rules, the first

consideration is whether there is an actual conflict between Oregon law and that of another state.

*Fields v. Legacy Health Sys.*, 413 F.3d 943, 951 (9th Cir. 2005) (citing *Portland Trailer &*

*Equip., Inc. v. A–1 Freeman Moving & Storage, Inc.*, 182 Or. App. 347, 49 P.3d 803, 806 (Or.

Ct. App. 2002).  If a conflict exists, Oregon applies the "most significant relationship" approach

of the Restatement (Second) of Conflicts of Law to determine the applicable substantive law.

*Casey v. Manson Constr. & Eng'g Co.*, 247 Or. 274, 287-88, 428 P.2d 898, 904-905 (1967).

This requires the Court to consider:  "(a) the place where the injury occurred; (b) the place where

the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of

incorporation and place of business of the parties; and (d) the place where the relationship, if

any, between the parties is centered."  *Fields,* 413 F.3d at 952 (citing Restatement (Second) of

Conflict of Laws § 145)).

The recent case of *Shah v. Meier Enterprises, Inc.* illustrates how these rules apply to a

whistleblower claim brought by an Oregon resident who worked in Washington.  2018 WL

4374166 (D. Or. Sept. 13, 2018), *aff'd*, No. 18-35962, 2021 WL 1971566 (9th Cir. May 17,

2021).  First, the Court decided there was a conflict between Washington and Oregon law

because "Washington statutes do not contain a provision similar to ORS 659A.199 that apply to

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

private employees." *Id*. at *4.  The Court then considered which state had the "most significant relationship," concluding that Washington law applied because "[t]he employment relationship, the alleged unlawful conduct by Defendants and the residency and place of business of the Defendants are all in Washington." *Id*. at *5.

Turning to this case, a conflict of laws exists between Oregon and Utah, where the Plaintiff resides and where significant, relevant conduct occurred.  Utah does not have an anti-retaliation or whistleblower protection statute applicable to private-sector employers.  It extends statutory protection to public-sector employees only.  Utah Code §§ 67-21-2(2) and 67-21-3.  In *Shah*, the absence of a private-sector whistleblower statute in Washington was sufficient for the Court to find conflict with Oregon law.  *Shah*, 2018 WL 4374166 at *4.  Further to the existence of a conflict, while Utah recognizes common law claims for wrongful discharge in violation of public policy, "no Utah court has ever held that the [federal False Claims Act ("FCA")] provides an adequate basis for a Utah public policy wrongful discharge claim."  *U.S., ex rel. Johnson v. Mission Support, Inc.*, No. 2:08-CV-877, 2011 WL 1326899, at *2–3 (D. Utah Apr. 6, 2011) (rejecting wrongful discharge claim "based solely on allegations that he engaged in whistleblowing by objecting to company activities that purportedly violated the FCA").  Here, Plaintiff's alleged whistleblowing was the basis for both her FCA claim (that the jury rejected) and her Oregon claim.

Given this conflict in substantive law, this Court must look to the jurisdiction with the "most significant relationship."  As explained above, that is not Oregon.  Thus, Oregon conflict-of-law principles confirm that judgment as a matter of law under Fed. R. Civ. P. 50(b) should be entered.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

C.    **A New Trial Is Required Because The Verdict Awarded Excessive And Unjustified Damages**

This Court should also grant a new trial on Plaintiff's Oregon Whistleblower claim. A new trial is required because the jury awarded damages that are unjustified and excessive.

     1.    The Backpay and Non-Economic Damages Awards Are Unsupported By The Evidence Because The Verdict Establishes Plaintiff Was Not Terminated "But For" Her Whistleblower Complaint.

The jury awarded a total of $2,382,423 in backpay and for emotional distress. The evidence does not support this award. The evidence at trial demonstrated—and the jury's False Claims Act verdict established—that AstraZeneca would have discharged Plaintiff regardless of her whistleblower activities. Given this, the $2.3 million award represents an unjust windfall that exceeds compensation for the whistleblower retaliation the jury found under Oregon law.

The Supreme Court recently underscored that "[i]t is bedrock law that 'requested relief' must 'redress the alleged injury.'" *Babb v. Wilkie*, 140 S. Ct. 1168, 1177 (2020) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998)). In *Babb*, the Court held that, while a plaintiff could prove discrimination under the ADEA without proving that discrimination was the "but for" cause of an employment outcome, the plaintiff needed to prove the "discrimination was a but-for cause of the employment outcome" in order to obtain backpay and other compensatory damages. *Id*. at 1170. The reason for this rule is simple—and fundamental: "Remedies should not put a plaintiff in a more favorable position than he or she would have enjoyed absent discrimination." *Id*. at 1178; ("'[W]here a plaintiff challenges a discrete governmental decision as being based on an impermissible criterion and it is undisputed that the government would have made the same decision regardless, there is no cognizable injury warranting [damages] relief.'" (quoting *Texas v. Lesage*, 528 U.S. 18, 21-22 (1999)). Consistent with this rule, "[c]ourts limit claims for back pay .... by an employee who succeeds on the merits of their

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

discrimination claims where the employee would have been subsequently terminated for lawful or non-discriminatory reasons." *Weil v. Citizens Telecom Servs. Co., LLC*, No. C15-835JLR, 2019 WL 5862965, at *3 (W.D. Wash. Nov. 8, 2019) (collecting cases).

Here, Plaintiff brought two whistleblower retaliation claims to trial:  federal, False Claims Act Retaliation, 31 U.S.C. § 3730(h); and state, Oregon's Whistleblower Protection Law, ORS 659A.199.  The claims were predicated on the same facts.  In closing arguments, Plaintiff identified the same underlying conduct as protected activity.  Trial Tr., Day 6, 43:1-43:12. Plaintiff characterized the claims as identical, arguing that "[a] violation of one is a violation of the other." *Id.*, 46:16–18.   The verdict went for AstraZeneca under federal law, but for Plaintiff under Oregon's statute.  Because Plaintiff relied on the same actions as protected conduct under both claims, the difference is attributable to differences in the standards for liability under the two different statutes, as articulated in the Court's jury instructions.  For the False Claims Act claim, the jury was instructed:

> A plaintiff is "subjected to an adverse employment action" because she engaged in activity protected by the False Claims Act if the adverse employment action would not have occurred ***but for*** her engagement in that activity.

ECF No. 143 at 14 (emphasis added).  In contrast, under the Oregon claim, no "but for" causation was required:

> There is a "causal link" between a plaintiff's report of information that the plaintiff believes to be evidence of a violation of law and an adverse employment decision if the plaintiff's report was ***a factor that made a difference*** in the employment decision.

ECF No. 143 at 15 (emphasis added).  Because the jury found liability under the latter but not the former, it necessarily found that, while Plaintiff's "whistleblower" actions were a factor, her termination would have occurred in any event.  Thus, in keeping with AstraZeneca's defense, the

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

jury found that AstraZeneca had legitimate reasons to discharge Plaintiff and whistleblower activities were not the "but for" cause of her discharge.

Without "but for" causation, the backpay and non-economic damages awards are not supported by the evidence. The jury was convinced that AstraZeneca would have discharged Plaintiff regardless of her whistleblower activities. That means Plaintiff would not have received any compensation from AstraZeneca between the time of her termination and the trial just as it means Plaintiff would have suffered the same emotional distress resulting from her termination regardless of any whistleblower activities. By awarding Plaintiff more than $2.3 million in compensatory damages, the jury put Plaintiff in a better position than she would have had absent retaliation. Consequently, the backpay verdict, and the significant, non-economic damages, are precisely the type of windfalls the Supreme Court disapproved in *Babb*.

2.    The Award Of $1,872,000 For Non-Economic Damages Is Grossly Excessive And Not Supported By Evidence.

The sheer size and excessiveness of the non-economic damages verdict is also a reason to grant a new trial. The purpose of compensatory damages is not punishment, but to "redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct." *Cooper Indus. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 432 (2001). In this case, the jury has awarded $1,872,000 in non-economic damages—an amount far in excess of any loss that Plaintiff suffered for emotional distress. Furthermore, as noted above, Plaintiff's termination, the most significant cause of any actual distress, would have occurred regardless of any whistleblowing activities. The emotional distress damages exceed any amount appropriate to achieve a legitimate, compensatory purpose.

The Ninth Circuit has explained that a district court may reduce the jury's finding of compensatory damages when "the amount is grossly excessive or monstrous, clearly not

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

supported by the evidence, or based only on speculation or guesswork." *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996); *see also Brady v. Gebbie*, 859 F.2d 1543, 1557 (9th Cir. 1988) ("An otherwise supportable verdict must be affirmed unless it is 'grossly excessive' or 'monstrous' or 'shocking to the conscience.'").

When a jury returns an excessive award of compensatory damages, remittitur is available to reduce the judgment to the "maximum amount sustainable by the proof." *Oracle Corp. v. SAP AG*, 765 F.3d 1081, 1094 (9th Cir. 2014); *D & S Redi-Mix v. Sierra Redi-Mix & Contracting Co.*, 692 F.2d 1245, 1249 (9th Cir. 1982) (explaining that damages may be reduced to upper limit of what a jury could reasonably award). "In considering a motion for remittitur, the trial court must view the evidence concerning damages in a light most favorable to the prevailing party." *Greisen v. Hanken*, 252 F. Supp. 3d 1042, 1047 (D. Or. 2017), *aff'd*, 925 F.3d 1097 (9th Cir. 2019) (citing *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385, 1387 (9th Cir. 1987), *amended on other grounds*, 817 F.2d 609 (9th Cir. 1987)). "If the trial court concludes that an award of damages is excessive, it may either grant the defendant's motion for a new trial or deny the motion conditioned upon the prevailing party's acceptance of a remittitur." *Id.* (citing *Silver Sage Partners v. City of Desert Hot Springs*, 251 F.3d 814, 818 (9th Cir. 2001)).

This Court should follow the approaches taken in *Longfellow v. Jackson County.*, No. CV 06-3043-PA, 2007 WL 682455, at *2 (D. Or. Feb. 28, 2007), *Paul v. Asbury Automotive Grp., LLC*, No. CIV. 06-1603-KI, 2009 WL 188592 (D. Or. Jan. 23, 2009) and more recently in *Johnson v. Albertsons LLC*, No. 2:18-1678-RAJ, 2020 WL 3604107, at *5 (W.D. Wash. July 2, 2020). In *Longfellow*, a former employee prevailed on a retaliatory termination claim. The jury awarded $360,000 for emotional distress. The Court reduced it to $60,000. 2007 WL 682455 at *3. While the Court acknowledged evidence that the plaintiff experienced "significant" distress

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

following discharge, and sought medical help, she was never hospitalized and did not require medication. *Id.* at *2. *Longfellow* found the award of $360,000 excessive because "on the scale of injuries that come before this court it does not rank especially high." *Ibid.* In *Paul*, the plaintiffs prevailed on hostile work environment claims and were awarded $1.9 million and $2.1 million in emotional distress damages, which the court reduced to $150,000 for each plaintiff. *Paul*, 2009 WL 188592, at *1, *9. The plaintiffs described being "stressed," in a "state of depression," experiencing strained interpersonal relationships and taking medication. *Id.* at *8-9. *Paul* found the seven figure awards "grossly excessive," particularly when viewed against awards in other employment cases. These included: the award of $1 million to a plaintiff who suffered discrimination and retaliation over four years and experienced "anxiety, rashes, stomach problems, constant worry, crying, feeing trapped and upset"; and $30,000 awarded to a plaintiff who was subjected to "regular racial slurs and racial 'jokes'" during six months of employment. *Id.* at *9. More recently, in *Johnson*, the Court reduced a $750,000 emotional damages award to $200,000. 2020 WL 3604107, at *5. In that case, the plaintiff, her sister and daughter testified that plaintiff experienced emotional distress in response to her employer's retaliatory conduct, including humiliation, loss of self-esteem and being perceived as "broken." *Id.* The Court reduced the damages because it was "grossly excessive and outside the range of the evidence" because it was only "garden variety." *Id.*

Neither Plaintiff's testimony nor that of any of her witnesses supports the near $1.9 million award here. Plaintiff testified she was stressed when she made her ethics hotline complaint and, as a result, "I wasn't able to sleep," and had "a knot in the stomach." Trial Tr., Day 4, 56:13-57:11. Plaintiff also testified about the anxiety she felt because she had called the ethics hotline so close to Christmas and therefore had to wait for a response until January. *Id.*,

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

57:17-59:20. Over Christmas, Plaintiff said that she "wasn't necessarily able to function during that time," but that she also "made sure the kids were happy and all of that." *Id.*, 57:17-58:18. The family then went on a trip to the Dominican Republic where she was "nervous" about her ethics hotline call so "I took my iPad to the Dominican Republic just in case I wanted to get an email or see what was going on." *Id.*, 58:9-59:9. Plaintiff also testified that, on the second night of their vacation, her husband "could see" that she was anxious so they went for a walk on the beach during which she started crying and told him she "was really scared." *Id.* Plaintiff said they discussed that they were "in a beautiful place and we got our kids there and we have fun things planned. So we were just going to try to focus on that. So we did." *Id.*

In further support of her "emotional distress" claim, Plaintiff testified that, after receiving performance coaching in March 2019, she took an FMLA leave for migraines. *Id.*, 75:4-77:18. But the migraines pre-dated the events of this case: Plaintiff admitted that she suffered from migraines and had been medicated for them since 2012. *Id.*, 205:5-9. Months before her whistleblower complaint, in "early 2018," Plaintiff went to the emergency room for "cluster migraines." *Id.*, 203:11-20.

Plaintiff's doctor, Dr. Johnson, testified that Plaintiff visited her on March 1, 2019 (a few months after the ethics hotline complaint), for "migraines, to discuss insomnia, cholesterol." *Id.*, 181:11-19. Dr. Johnson testified that her notes of this visit recounted Plaintiff's report that she suffered "multiple migraines daily," which made it "hard to drive safely" and "hard to look at a computer screen" and that "[t]his caused increased stress and then anxiety and did he [sic] depression." *Id.*, 181:20-182:07. Regarding "stress at work," Dr. Johnson said that Plaintiff "mention[ed] it," but "not anything really more specific than that." *Id.*, 182:24-183:05. Dr. Johnson admitted that her notes did not reflect a diagnosis of anxiety or depression but that she

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

"should have put anxiety on there" because she "started her on a medication for it." *Id.*, 186:4-13.

Plaintiff's three friends likewise did not provide the kind of evidence needed to support the seven-figure emotional damages awarded here. Plaintiff's two college friends, Judy Gibb and Dawn Benson, testified that they met up for a "girls' weekend" at Plaintiff's house in Utah in the summer of 2019, during which they found Plaintiff "very distracted" and "somewhat withdrawn." *Id.*, 212:11-213:15; 207:24-208:7. Benson testified that Plaintiff "would go to bed early"; when they watched a movie, Plaintiff "fell asleep." *Id.*, 213:6-15. Gibb testified that, after the girls trip, Plaintiff was "more surfacey" in a "group chat" with her friends because she would "like a part [sic] to a comment or maybe a happy birthday or a smiley face" but "little actual wording." *Id.*, 208:14-19. Benson testified that since 2019 Plaintiff is "really withdrawn" and "closed off." *Id.*, 215:6-17.

Suzanne Cappell, who would see Plaintiff at their children's basketball games but "never hung out" with Plaintiff "outside of basketball," testified that toward the end of 2018 Plaintiff "quit coming to as many games" and did not sit by Cappell as much. *Id.*, 188:1-189:11, 190:1-5. Based on her limited interactions with Plaintiff, Cappell testified that Plaintiff "[j]ust seemed off and stressed." *Id.*, 190:5-10.

In sum, Plaintiff's evidence is that she had a difficult Christmas in 2018, was distracted at the start of a Caribbean family vacation shortly thereafter, her friends found her to be withdrawn on a girls' trip and in a group chat, and she went to fewer basketball games. She also had a longtime migraine condition that continued and her doctor diagnosed some anxiety and depression arising from those migraines. This level of "emotional distress" is not consistent with an award of $1,872,000.

Page 19 -   ASTRAZENECA'S MOTION FOR JUDGMENT AS A
            MATTER OF LAW

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

DB2/ 41178930.8

A new trial is warranted.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, AstraZeneca respectfully requests that the Court direct entry of judgment in favor of AstraZeneca on both the Sixth Cause of Action and the entirety of Plaintiff's case.  AstraZeneca also requests an order, independently or conditionally, granting a new trial on Count VI subject to a remittitur to $100,000.

Dated this 21st day of July, 2021.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By:     *s/ Anne M. Talcott*
Anne M. Talcott, OSB #965325
Telephone: 503.222.9981
Facsimile: 503.796.2900

Melinda S. Riechert, admitted *pro hac vice*
melinda.riechert@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
1400 Page Mill Road
Palo Alto, CA 94304
Telephone:     650-843-4000

Ryan P. McCarthy, admitted *pro hac vice*
Ryan.mccarthy@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street, 14th Floor
Philadelphia, PA  19103-2921
Telephone:     215.963.5000
Facsimile:     215.963.5001

*Attorneys for Defendant AstraZeneca*
*Pharmaceuticals, LP*

Page 20 -   ASTRAZENECA'S MOTION FOR JUDGMENT AS A
MATTER OF LAW
DB2/ 41178930.8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of July, 2021, I caused to be served the following

**DEFENDANT ASTRAZENECA PHARMACEUTICALS' RENEWED MOTION FOR**

**JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, FOR A NEW**

**TRIAL** on:

Ashley A. Marton                                         <u>by:</u>
Crispin Employment Law PC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221                    ☐   Hand Delivery
503.293.5770                              ☐   Facsimile
ashley@employmentlaw-nw.com               ☐   U.S. Mail
                                          ☐   Overnight Courier
*Of Attorneys for Plaintiff*              ☐   Email
                                          ☒   Electronic Service
                                          ☐   Other: Courtesy Email


R. Scott Oswald                                          <u>by:</u>
Anita Mazumdar Chambers
The Employment Law Group, P.C.
888 17th Street N.W., 9th Floor           ☐   Hand Delivery
Washington, D.C. 20006                    ☐   Facsimile
202.261.2821                              ☐   U.S. Mail
soswald@employmentlawgroup.com;           ☐   Overnight Courier
achambers@employmentlawgroup.com          ☐   Email
                                          ☒   Electronic Service
*Of Attorneys for Plaintiff*              ☐   Other: Courtesy Email


                                          *s/ Anne M. Talcott*
                                          Anne M. Talcott, OSB #965325

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900