1          IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF OREGON

3   Suzanne Ivie,                    )
                                     )
4          Plaintiff,                )     3:19-cv-01657-JR
                                     )
5   vs.                              )     June 7, 2021
                                     )
6   AstraZeneca Pharmaceuticals, LP, )     Portland, Oregon
                                     )
7          Defendant.                )

8

9

10              (Pretrial Conference Hearing)

11          BEFORE THE HONORABLE JOLIE A. RUSSO

12          UNITED STATES DISTRICT COURT MAGISTRATE

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                         APPEARANCES

 2

    FOR THE PLAINTIFF:      Anita Mazumdar Chambers
 3                          Robert Scott Oswald
                            The Employment Law Group
 4                          888 17th Street, NW
                            Washington, DC  20006
 5

 6  FOR THE DEFENDANT:      Melinda S. Riechert
                            Morgan, Lewis & Bockius, LLP
 7                          1400 Page Mill Road
                            Palo Alto, CA  94304
 8

 9                          Ryan P. McCarthy
                            Morgan, Lewis & Bockius, LLP
10                          1701 Market Street
                            Philadelphia, PA  19103
11
                            Anne M. Talcott
12                          Schwabe, Williamson & Wyatt
                            1211 SW Fifth Avenue, Suite 1900
13                          Portland, OR  97204

14

15

16

17  COURT REPORTER:         Dennis W. Apodaca, RDR, FCRR, CRR
                            United States District Courthouse
18                          1000 SW Third Avenue, Room 301
                            Portland, OR  97204
19                          (503) 326-8182

20

21

22

23

24

25
```

1                              INDEX

2

3    Pretrial conference hearing                              4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          (June 7, 2021)

2                  P R O C E E D I N G S

3          (Video pretrial conference hearing:)

4          THE CLERK:  We are here on the case of Ivie versus

5    AstraZeneca Pharmaceuticals, LP, Civil Case

6    No. 3:19-cv-1657-JR.

7          Counsel for plaintiffs, would you identify yourselves

8    for the record.

9          MR. OSWALD:  Scott Oswald and Anita Chambers for

10   Suzanne Ivie.

11         Your Honor, I think that Peter Planeuff (phonetic),

12   who is our tech guru, will be joining us for the tech portion.

13   Then we have a law clerk and one of our other lawyers may log

14   in, but they will turn their cameras off.  They just want to be

15   here at the hearing.

16         THE COURT:  Okay.  Thank you.

17         MR. OSWALD:  Thank you.

18         THE COURT:  Can we then have counsel for the

19   defendant identify themselves, please, starting with

20   AstraZeneca.

21         MS. RIECHERT:  This is Melinda Riechert.  I am

22   counsel for AstraZeneca from Morgan Lewis.

23         THE COURT:  Okay.

24         MR. McCARTHY:  Ryan McCarthy also with Morgan Lewis

25   for AstraZeneca.

1          THE CLERK:  Ryan McCarthy?

2          MR. McCARTHY:  Yes, sir.

3          MS. TALCOTT:  Anne Talcott is also on for

4    AstraZeneca, and I believe one of my colleagues at Schwabe is

5    on, Tom Payne.  He is attending to help us.  He will be a

6    scrivener today for our side.

7          THE CLERK:  Your Honor, we are ready to begin.

8          THE COURT:  Thank you.  Again, welcome.  It is nice

9    to see everybody.  I am looking forward, I think, to trial

10   beginning June 14th, 2021, on Monday at 1:00 p.m.  As I

11   indicated at a prior telephone status conference, you're

12   welcome to come as early as 8:00 a.m.  I will open the doors of

13   Courtroom 14B at 8:00 a.m. on Monday.  You're welcome to come

14   set up.

15         There is a lot to cover today.  You folks are

16   certainly thorough and comprehensive in all of your filings.  I

17   appreciate it.  We spent a tremendous amount of time going

18   through everything.  My intent is to work through all of the

19   motions and the witness and exhibit objections and then end

20   with any questions that you might have about procedures or any

21   specific trial questions that you have.

22         I also wanted to let you know that I have drafted

23   voir dire.  That was based exclusively on the questions that

24   you agreed to and submitted to the Court.

25         I have also drafted preliminary instructions.  Those

1    instructions will be given by the Court after the jury is

2    seated and before opening statements.  Those preliminary

3    injunction instructions are based exclusively on model Ninth

4    Circuit jury instructions.

5          I will hold a jury instruction conference with the

6    lawyers as we get into trial.  At that time I will distribute a

7    copy of the jury instructions that I intend to give to the

8    jury.  We can discuss them.  I may or may not change my mind

9    about some of them.  You may then make any objections to those

10   instructions.  I will also discuss the verdict form at that

11   time, so you will know in advance and have a copy of both the

12   instructions and the verdict form.

13         In terms of argument this afternoon about all of

14   these motions and objections, really, I have read absolutely

15   everything you have submitted as well as done a fair amount of

16   case research.  So my intent is to simply go through all of

17   these objections and motions and then have you folks make

18   notes.  At the end, if there is just some argument that you

19   feel compelled to make that perhaps you didn't make in your

20   briefing, then I'm happy to hear that.

21         I'm going to start with the three most recent motions

22   that were filed -- I think they were filed on Friday and

23   Saturday -- concerning remote testimony.  The first at issue is

24   Document 118.  That is plaintiff's expedited motion to compel

25   defendant to produce Mr. Pomponi as a witness at trial.  That

1    motion is denied.  The Court lacks authority to compel

2    Mr. Pomponi's appearance in the District of Oregon.

3            Next is Document 120.  That is plaintiff's renewed

4    motion to take the testimony of certain witnesses at trial.

5    That motion is granted in part and denied in part.  The

6    plaintiff may take the testimony by video conference of the two

7    doctors, Drs. Johnson and Byrne, I think, are their names.

8            They are both two-hour plane flights from this

9    district.  Frankly, I'm less persuaded by the Advisory

10   Committee's standard, good cause and compelling circumstances,

11   noting that that standard is now 25 years old and everything

12   remote has changed in that time.  I'm, frankly, more persuaded

13   by cases -- all post-1996 -- that were cited by plaintiff on

14   page 3 of her motion.  However, I am denying plaintiff's motion

15   regarding Mr. Hinson.  I am find that a preplanned vacation to

16   Hawaii known for more than a year clearly does not fit within

17   Rule 43's exception.

18           Finally, regarding Mr. Pomponi, and this, again, is

19   regarding Document 120 as well as Document 121, and that is

20   defendant's motion to strike plaintiff's supplemental witness

21   statement.

22           A question first to defense counsel:  Is the

23   defendant producing all other employee witnesses?

24           MS. RIECHERT:  Your Honor, this is Melinda Riechert.

25   All of the other defense witnesses will be appearing in person.

1      THE COURT:  Thank you.

2          I will allow plaintiff to take Mr. Pomponi's -- to

3  produce his testimony via video conference.  Mr. Pomponi was

4  listed on plaintiff's May 10th witness list.  On May 17th,

5  there was a phone call between counsel confirming that he would

6  be called as plaintiff's first witness in its case-in-chief.

7  Then there was an email confirming the above and that plaintiff

8  did not send subpoenas for defendant's witnesses.

9          Finally, on June 3rd, plaintiff submitted a

10 supplemental witness statement that was "inadvertently

11 omitted."  Again, I will allow his testimony via video

12 conference.  I will deny defendant's motion to strike

13 plaintiff's supplemental witness statement.  That, again, is

14 Document 121.  However, defendant may file any objections to

15 this witness statement by Friday.

16         I am now going to move to plaintiff's motions in

17 limine.  There are three.  That is Document 70.  Plaintiff's

18 first motion is to exclude testimony related to plaintiff

19 obtaining counsel during employment.  That motion is granted

20 pursuant to 403.  I find that more prejudicial than probative.

21 I also note that the Nevada cases relied on by the defendant

22 rely on state law rather than the Federal Rules of Evidence.

23         Regarding plaintiff's motion in limine No. 2, it is

24 unopposed by defendant and therefore denied as moot.

25         Plaintiff's motion number 3 to exclude the testimony

1  of five individuals, and those are Barnes, Thomsen, Griffith,

2  Skinner, and Stickle -- and that includes plaintiff's

3  supplemental motion, Document 104.  That motion is denied.  I

4  will allow that testimony.  However, I intend to listen

5  carefully for any duplicative or unfounded or unduly

6  prejudicial testimony.

7          Moving now to defendant's motion in limine, there are

8  nine of those.  That is Document 81.  Motion 1 through 3 are

9  denied as moot, as the parties were able to resolve those

10 motions.  Thank you.

11         Moving now to motion 4, defendant moves to exclude

12 testimony about witnesses' motive.  That motion is granted in

13 part and denied in part.  Those witnesses may testify but will

14 be limited the testimony to their personal factual observations

15 about DiNunzio's behavior toward her other employees.  There

16 will be no testimony that results in legal conclusions or

17 speculation.  That would be barred by FRE 602 and 701.

18         Moving to motion 5, plaintiff moves to exclude

19 workplace conflicts.  That motion is denied.  I find the

20 evidence relevant, pursuant to 401, and more probative than

21 prejudicial, pursuant to 403.  However, defendant may certainly

22 object during trial if either hearsay becomes an issue or the

23 testimony goes too far astray.

24         Regarding motion 6, defendant moves to exclude other

25 employees' reputational evidence.  That motion is denied.  I

find no difference between plaintiff's request and the
defendant's five witnesses -- Barnes, Thomsen, Griffith,
Skinner and Stickle -- relying on FRE 701 and opinion
testimony.  Those witnesses may testify as to their personal
experiences working with plaintiff.  However, again, I'm going
to watch closely for duplicative or unduly prejudicial
testimony.

Moving to motion 7, defendant needs to exclude
evidence of other employees' experience with DiNunzio, that
motion is denied.  Evidence is allowed under 404(b)(2), a
pattern or history of similar age-related instances goes
directly to defendant's motive for pretext.  I also note that
the Ninth Circuit has long recognized that, in the context of
Title VII, evidence of employer's treatment of other employees
who were also members of plaintiff's protected class is both
relevant and admissible.

Moving to motion 8, defendant moves to exclude
evidence of the outcome of the internal investigation into
alleged off-label promotional issues raised by defendant.  That
motion is denied.  Here, I think the issue is not whether
plaintiff had reasonable cause to make her complaint but rather
whether raising the off-branding issue was the true cause of
plaintiff's termination.  And so because pretext is at issue in
the case, the evidence of the thoroughness of any investigation
is relevant to pretext.

1        Finally, motion nine, defendant's motion to exclude

2   evidence of the prior integrity agreement and prior settlement,

3   that motion is denied.  Unlike a private settlement, this

4   document is publicly available.  I find the evidence bears on

5   defendant's potential motive and pretext, and the individuals

6   involved all have personal knowledge of investigating

7   plaintiff's complaint.

8        Moving next to plaintiff's witnesses, I note the

9   plaintiff intends to call 17 witness for a total testimony time

10  for approximately 14 hours.

11       The parties, as you know, stipulated to Mr. Edelman's

12  remote testimony.  The defendant intends to call witnesses for

13  similar testimony time of, again, approximately 14 hours.

14       Plaintiffs have filed objections to Griffith,

15  Skinner, Stickle, Thomsen, and Barnes.  That is the subject of

16  plaintiff's third motion in limine.  Plaintiff also filed an

17  objection to Ms. Hamilton, Document 94.

18       I am going to allow Ms. Hamilton's testimony.  I find

19  that it seems to be largely background info. about the company

20  and job responsibilities, which I deem to be neither irrelevant

21  nor prejudicial.

22       I am now moving to defendant's objections to

23  plaintiff's witnesses.  Defendant filed objections to Drs.

24  Johnson and Byrne as well as individuals Hinson, Capell, and

25  Gibbs.  They are all offering testimony related to plaintiff's

damages.  Those individuals are limited to testifying about their relationship with and first-hand observation of plaintiff.  I agree with defendant that rephrasing plaintiff's comments or providing an explanation for purported changes in plaintiff's demeanor and actions are hearsay and will not be allowed.  I note, in addition, that neither Dr. Johnson or Dr. Bryne has been identified as a medical expert.

Defendant has also filed objections to Smith, plaintiff's rebuttal expert, and another expert, Sevart.  I'm sustaining defendant's objection to Smith's testimony.  Smith has no personal knowledge of plaintiff's work reputation, and his testimony about his own experience with DiNunzio is not relevant.

Regarding the expert, Sevart, he may testify, but he cannot offer an opinion as to any issue that is not covered by his reports or that concern plaintiff's mental or emotional condition, including any alleged issue she has with migraine headaches, as he is not a medical specialist.

Defendant also objects to Sevart's testimony that he intends to testify that plaintiff's story is not uncommon for whistleblowers; that they oftentimes end up having to take a job that is not part of their work history.  However, given his area of expertise, the factual nature of his testimony, and defendant's lack of objection to his qualifications, this testimony is admissible.

Finally, plaintiff designates testimony from Welch's deposition.  I am going to allow that deposition testimony along with defendant's counter-designations.

I think we can now move to exhibits.  Plaintiff has objected to seven of defendant's exhibits, beginning with 536.  It looks like 536, 537, 538, and 555 should all be granted, as those exhibits were not produced in discovery.  The only reason they shouldn't be granted is if defendant can somehow show that their failure to produce these exhibits were either harmless or justified; otherwise 536, 537, 538, and 555 are excluded.

Moving to 551, that objection is granted.  403, unduly prejudicial objection.

552 is overruled.  This evidence is relevant.  I don't see a problem with 403.  552 is overruled.

554, that objection is granted.  This evidence is not relevant.

I already mentioned 555.

Those are plaintiff's seven objections to defendant's exhibits.

Moving to defendant's objections to plaintiff's exhibits --

MR. OSWALD:  Your Honor, I apologize for interrupting.  We had come to an agreement on, I think, many of these.  I might be able to lighten your load just a little bit.  I think we have a disagreement on just a few that remain.  Let

1    me see here -- one second.  I had it up and then I moved.

2           We met and conferred on this last week and had come

3    to an agreement.  I know you were going to read some

4    preliminary instructions.  One of the agreements that we came

5    to was -- assuming that you approve -- would be one preliminary

6    instruction.  It is -- forgive me.  I don't know if we have

7    submitted our updated jury instructions.  There are some that

8    we have in fact agreed upon with the Court, but we also agreed

9    that we would -- assuming you would agree -- that you would

10   read that preliminary instruction, and that would resolve the

11   concern about many of the exhibits.

12          Exhibits that remain are -- forgive me.  I had it on

13   my screen.

14          MR. McCARTHY:  Scott, I have it here.  I can start

15   reading them off.

16          MR. OSWALD:  I would appreciate right.

17          MR. McCARTHY:  As Mr. Oswald correctly noted, we very

18   recently came to an agreement on some of these.  I apologize we

19   weren't able to get them to you sooner, Judge.

20          Here are the ones that we think are still at issue.

21   I can either read them off, and we can talk about them, or,

22   Judge, I could just read the series if you want to note them.

23          THE COURT:  So you are reading the plaintiff's

24   exhibits that are objected to by defendant, correct?

25          MR. McCARTHY:  Correct.  That are still live

1   disputes.

2           THE COURT:  Perfect.  If you would read me the

3   numbers, I would appreciate it.  Thank you.

4           MR. McCARTHY:  I have 1 through 4, 11 -- and I should

5   say, Judge, I am excluding those that are resolved by a ruling

6   on the motion in limine as well obviously.

7           THE COURT:  Perfect.  Thank you.

8           MR. McCARTHY:  11, 20, 36, 37, 41, 58, 59, 64, 88,

9   97, 98, 103, 105, 107, 109, 124; the medical records that are

10  Exhibits 127 through 133; 134, 144 through 146, 148 through

11  158, 164, 167 through 169, 171 through 176, 178, 179, and 182.

12          THE COURT:  Okay.  Thank you.  I do appreciate your

13  conferral and ability to come to an agreement on some of these

14  objections.  I think I had initially counted 93.  So this looks

15  better.  Thank you very much.

16          I will go through and give you my rulings on the

17  objections that remain at issue.

18          1 through 4 -- now, 2 through 4, I don't have

19  objected to.  I just have Exhibit No. 1.

20          So are you adding 2 through 4?

21          MR. McCARTHY:  Judge, I'm looking at Document 97.  On

22  the chart on the second page, at least on my copy, we did have

23  objections to 2 through 4.

24          THE COURT:  I think now that you have reached an

25  agreement on well over half, I want to now go back and look,

1    just before I start ruling, just really make sure that I have
2    exactly the correct exhibit and take a look at it again.  So I
3    will do that, and I will have the rulings on the list of
4    plaintiff's exhibits that you have just read to me by tonight.
5                    MR. McCARTHY:  Thank you, Your Honor.
6                    THE COURT:  That, I think -- and I'm sure you were
7    checking me -- takes care of everything that I had on my list
8    that we needed to accomplish today other than talking about any
9    questions about the trial itself or procedures.
10                    I think I did just get, before I took the bench, an
11    email that indicated that amended jury instructions were filed,
12    so I think I did just receive those.
13                    I'm happy to hear from either side about any
14    questions about trial procedures.
15                    MR. McCARTHY:  Judge, may I ask a clarifying question
16    with respect to your rulings -- this is on plaintiff's
17    objection to AstraZeneca exhibits, Document 94?
18                    Let me know when you are there, Judge
19                    THE COURT:  I'm there.
20                    MR. McCARTHY:  The one I wanted to clarify, Judge, is
21    564.  Now my understanding is that there was an objection to
22    certain lines of text messages on that exhibit that apply to
23    424 through 427.  We would agree, Your Honor, those lines are
24    not relevant, but there is other content in that text message
25    that we think is relevant, and we don't think it's objected to.

1  So absent an objection, we will simply request to redact the

2  irrelevant lines off of that exhibit.

3          THE COURT:  I think that's correct.  I have text

4  messages on line 424 through 427.  Those are the lines between

5  plaintiffs and a non-defense employee; is that correct?

6          MR. McCARTHY:  Correct, Your Honor.

7          THE COURT:  Any objection to that?

8          MS. CHAMBERS:  Ryan, to clarify, you want to redact

9  the text messages?

10          MR. McCARTHY:  That's correct, Anita.  We agree that

11  lines 424 through 427 are not relevant, and we don't want to

12  show them to the jury.  I am just proposing that we can use the

13  rest of the text message and simply redact that so nobody sees

14  it.

15          MS. CHAMBERS:  Yes.  We agree.  The objection was on

16  that one portion.

17          MR. McCARTHY:  Sure.

18          MR. OSWALD:  Your Honor, I would like to be heard on

19  three documents that remain outstanding.

20          MR. McCARTHY:  I have one other item.

21          MR. OSWALD:  Of course, Ryan.  Excuse me.

22          MR. McCARTHY:  If I may.

23          Judge, the first few exhibits you discussed, the

24  objection was related to AstraZeneca not producing those

25  documents in discovery.  I understand you may not want to hear

argument on that right now, Judge, but may we submit
information to you as to why those documents were outside the
scope of production, and if so, how shall we do that?

       THE COURT:  You are welcome to do that.  Either
email -- copy the other side -- that's probably the quickest,
frankly.  Then the other side is welcome to file a quick
response.

       MR. McCARTHY:  Thank you.

       THE COURT:  Thank you.

       Sir.

       MR. OSWALD:  Your Honor, if I could be heard on three
documents.  You haven't ruled on those yet, but they do remain
objected to.  They are documents 37, 41, and 59.

       THE COURT:  37, 41, and 59?

       MR. OSWALD:  That's right.  Let me take each one in
turn.

       37 is an email from Ms. Ivie to her human resources
representatives on May 8th, 2019.  What she is doing is
responding to a meeting that they had with her during the
course of their human resources investigation.  The defendant
objects on the basis that it is hearsay; that these are
statements that she is making about what they said -- what the
human resources representative said at the hearing itself.  I
believe it is non-hearsay, as you look at it under 801(d)(2)
(B)(2) as an adopted admission.

1      So what is happening at this point is that she is

2 being told information about the status of the investigation.

3 She writes back and says, "I want to make sure I have got this

4 right.  Is this right?"  She then sends it to the human

5 resources representative.

6      There is no document in response at all to her email,

7 and that, I think, is critical.  We have two individuals who

8 are tasked with the responsibility creating -- investigating

9 the allegations of discrimination.  They are in the course and

10 conduct of their investigation, and she is memorializing what

11 happened.

12      Under Section (2)(B)(2), a statement is adopted where

13 one party has been given -- understands the import of the

14 statement and has been given an opportunity to respond and then

15 fails to do so.  They then adopt that admission.  The

16 Ninth Circuit in U.S. v. Sears, which is at of 663 F.2d 869 at

17 904, which is Ninth Circuit (1981), describes this.  It sets

18 out a test in which the party receiving the communication must

19 understand it and then have an opportunity to deny it, to the

20 extent they believe it is inaccurate.

21      In this case the human resources representatives

22 adopted a statement by their silence in not responding.

23 Therefore, it is non-hearsay under 801(d)(2)(B)(2).  The

24 defense position is, well, this is really just her recounting

25 back what was said to them; therefore, that's not an admission.

1    But it is, because of the fact that it was done directly to

2    them in their official capacities and indeed they failed to

3    respond to it.  So I believe that they adopted the admission,

4    and it should be admitted for that reason.

5          The second of these is really the same -- it is the

6    email that Ms. Ivie sends to human resources.  Again, this is

7    No. 41 in which the -- this is on the 11th of June of 2019.

8    She is writing back to make sure she understands the reasons

9    why they have said that they are firing her.  Again, this was

10   an official communication to individuals who are operating in

11   their human resource capacity to professionals.  There is no

12   response.  I believe that under U.S. v. Sears that they have

13   adopted that -- adopted admissions.  So I would ask the Court

14   to consider that in reviewing those two statements.

15         The last is Exhibit No. 59, and this is an email

16   exchange that occurs between the human resources

17   representative, Dawn Ceaser and Barbara McCullough, who is

18   AstraZeneca's highest ranking compliance official, who is

19   involved in the compliance investigation.  Indeed McCullough

20   was involved as of the 23rd of January when the case was

21   escalated to global significance and was on each report that

22   occurred thereafter.

23         The conversation is about disparate treatment.

24   Ms. McCullough is inquiring whether Ms. Ivie has accepted the

25   severance package.  One of the concerns that the company had

1   was, as Ms. McCullough recounts, is that the standard that was

2   used as at least one of the basis for firing Suzanne Ivie was

3   not consistently applied or communicated, and there was a

4   concern at AstraZeneca of that.

5           AstraZeneca says, "Well, gee, she wasn't in human

6   resources.  This was somehow secondhand information that she

7   got from somebody else in the organization."  But she's in

8   precisely the kind of position where she is getting these kind

9   of reports.  The fact that you have a document in which someone

10  at that level is admitting that the company potentially did not

11  apply its standards consistently and potentially did not

12  provide Ms. Ivie with full notice of what the standard was for

13  at least the initial discipline that was the starting point for

14  her termination is both relevant, it's material, it's highly

15  probative, and it would not be any kind of hearsay because, of

16  course, it deals with directly her admission as to what she

17  knew and when she knew it.

18          For that reason, I would ask the Court also to find

19  that Exhibit No. 59 is admissible as well.

20          THE COURT:  Okay.  Thank you.  I appreciate that.

21          MR. McCARTHY:  Can I be heard briefly, Judge, just so

22  give you context?

23          In discussing these three exhibits with the

24  plaintiff, our understanding is that plaintiff wants to show

25  the jury these documents in their opening, and we have

1   particular concerns about that.  Your Honor, let me start with

2   the last exhibit first, No. 59.

3          Ms. McCullough, the person that plaintiff's counsel

4   refers to, was not deposed in the case.  There is no testimony

5   from her at this point as to what she meant or her foundation

6   or personal knowledge as to these issues.  I will tell you that

7   when she is called at trial, she will 100 percent disagree with

8   the assertion that Mr. Oswald made about what she meant.  So we

9   have serious concerns about that being shown to the jury in the

10  absence of any foundation or witness testimony about that

11  document.

12         Second, with respect to Exhibits 37 and 41 -- and

13  I'll address those together -- we feel this is core hearsay.

14  This is the plaintiff giving her version of events, which

15  AstraZeneca disagrees with.  Now, granted, if the plaintiff

16  were on the stand, we agree she could testify on the stand and

17  be subject to cross as to what AstraZeneca's employees said to

18  her.

19         On that theory she would be testifying about a party

20  admission.  This is not a party admission nor is it an adopted

21  admission.  According to that Sears case that Mr. Oswald

22  mentions, adopting a standard by which -- I would certainly be

23  happy to address that case, if you would like, Your Honor --

24  but adopting a standard by which you could just send someone an

25  email, and if they don't take exception to it, you've adopted

1   it, I think that's certainly one step too far in this case,

2   Your Honor.

3         Again, the plaintiff wants to throw these exhibits up

4   to the jury in opening, essentially letting Ms. Ivie put words

5   in the mouth of AstraZeneca's witnesses before they testify and

6   in the absence of any other use as to whether this purported

7   summary is accurate.  So we would ask Your Honor to sustain the

8   objections on those three exhibits.

9         MR. OSWALD:  Your Honor, I just have one point in

10   rebuttal there.  Imagine if the rule were as opposing counsel,

11   my friend on the other side, represents it.  In essence, human

12   resources, when they send, let's say a subject of an

13   investigation an email saying, well, here is what you told us,

14   that that somehow too would be hearsay.  It could not be

15   admitted against the individual.  They're certainly not taking

16   that position.  But that's really the other side of the coin.

17         If their position were to be accepted, what it means

18   is that any communication within the context of investigation

19   with a witness about what they said is inadmissible, and that

20   certainly cannot be right.  I mean, the implication of that is

21   breathtaking in terms of how a company goes about their

22   business and how they go about their investigations.  It would

23   discourage writing things down during investigations.

24         So I think that the -- this is simply, really, the

25   same as the defendant memorializing a conversation they had

1    with Ms. Ivie, which they will put forward in this case, and

2    rightly so.  It's an admission about what she said at various

3    meetings.  So too, putting forward what she has written

4    contemporaneously about what they said to her, is equally an

5    admission under (d)(2)(B).

6             MR. McCARTHY:  Your Honor, I promise this will be

7    short.  I disagree with Mr. Oswald, because the employees for

8    AstraZeneca, whose job responsibilities include documenting

9    things like this, creates business records, and those documents

10   are admissible as business records under the hearsay rule.

11   This is not a business record.  Thanks, Your Honor.

12            THE COURT:  Mr. McCarthy, just out of curiosity, if

13   these exhibits were not used in opening, would you still

14   object?

15            MR. McCARTHY:  We would still object.

16            THE COURT:  Okay.  Thank you.  I appreciate your

17   arguments.  I will give them consideration when I look at the

18   rest of these objections.

19            Anything else?  Or do you folks have questions about

20   the trial?  About the procedures?

21            MR. OSWALD:  We have a few, Your Honor.  If Peter

22   Planeuff is with us.  Is Peter with us?

23            MR. PLANEUFF:  Yes.  I had one question about witness

24   testimony, as far as the technology is concerned.  I am

25   assuming this is the same system we are going to be using for

1  those remote witnesses; is that correct?

2          THE COURT:  Ask your question again.  I'm looking at

3  you.  And I apologize, sir.  Sorry.

4          MR. PLANEUFF:  Is this the same system that we will

5  be using for the remote witnesses and their testimony?

6          THE COURT:  Yes.

7          MR. PLANEUFF:  Okay.  Is it possible to switch

8  between this system and the system internally to show a

9  document to the jury?  Can we go back and forth between that --

10  this system we are looking at right now and the local system

11  that's within the court to show a document?

12          THE CLERK:  Your Honor --

13          THE COURT:  Go ahead, Mr. Magnuson.

14          THE CLERK:  I'm sorry.  I believe that it is

15  possible.  We will have to test that out on Monday morning when

16  we meet the Monday of trial.

17          THE COURT:  There is the expert.  Here is our expert.

18          MR. McALPIN:  This is Pat with IT.  We have the

19  capability between showing the remote witness and showing the

20  content within the courtroom.  We can't display both at the

21  same time.  Typically I will be in the room to accommodate or

22  assist with that.  I'll make the switching happen.  We can show

23  the content to the remote witness, but I recommend they have

24  hard copies, because a lot of times it is difficult to read the

25  text, just because it is a small image that they are going to

1   receive at their end.  So if you have applications such as

2   Trial Director or things like that, that assists in being able

3   to zoom in on portions of the content.

4           MR. PLANEUFF:  That was my only question about the

5   technology.

6           THE COURT:  Thank you.

7           MS. RIECHERT:  I have a question about the voir dire.

8   Are we going to be able to see it in advance?  And secondly, is

9   there going to be any attorney voir dire, or is the Court doing

10  all the voir dire.

11          THE COURT:  You will not be able to see it in

12  advance.  But at the end, and I will let the jurors know that

13  I'm going to give the lawyers a few minutes at the end of the

14  Court-directed, to ask any follow-up questions in case I've

15  overlooked something.  So no and yes are the answers to the

16  questions.

17          Let me also -- I'm being reminded -- witnesses will

18  be excluded from the courtroom, because, remember, there is

19  nobody allowed in the courtroom other than us.

20          All non-objected exhibits and the exhibits that have

21  been ruled on will be pre-received into evidence.

22          Finally, I think if I missed a motion, or maybe more

23  motions to strike replies, those motions are denied.

24          Any additional questions?

25          MR. OSWALD:  Your Honor, just a follow-up on the

1   structure of voir dire.  So the Court will ask the questions

2   initially and then you'll give us an opportunity to ask any

3   follow-up questions.  Are we permitted to do that with a group

4   of the venire?

5           THE COURT:  Versus individually going down the line

6   you mean?

7           MR. OSWALD:  Either individually going down the

8   line -- rather than me postulating, if you could set the scene

9   for us.  So you have gone through, and you have asked them

10  various questions.  Are you bringing them one by one?  Are they

11  writing it on a card?  Are you asking in general as a group?

12  How do you do that?

13          THE COURT:  So a group of individuals will come into

14  the courtroom.  I think the jury administrator told me that

15  we -- I think we can only have -- I can't remember -- don't

16  quote me -- I'm going to say 18 or 20 or so in the courtroom.

17  So that group is in.  There will be a poster board up with very

18  basic -- I think five or six basic questions.  I will introduce

19  myself, introduce court staff, asking does anybody know any of

20  the folks I introduced.  I will introduce the lawyers.  If

21  there is somebody at the lawyer tables that I don't know, I

22  will ask you folks to please introduce everybody at your table

23  or sitting in the back.

24          The poster board will ask every person to -- perfect.

25  Mr. Magnuson just brought it in.  Your full name.  Where you

1   are employed.  Where it is relevant, where your spouse or

2   partner is employed.  Generally what part of town do you reside

3   in.  We don't need your address.  It is generally about your

4   family.  For example, I live with my spouse and eight-year-old

5   son.  Names are not necessary.  Education and any special

6   training.  Then basically what do you do in your spare time.

7   So that will be the introduction.

8           Thank you, Gary.

9           I then will ask the lawyers to read the list of

10  witnesses.  You will read that entire list.  I will ask the

11  jurors if they recognize any of the names.  If they do, raise

12  their hands.  The mike goes to them, and they state their

13  affiliation with the witness.  I then ask some additional

14  questions -- actually quite a few based on the number of

15  questions that you submitted to me.  I think there are 25 of

16  them.  They start pretty broad and simple, like, have you or a

17  family member ever been involved in a lawsuit?

18          I then talk very briefly about a civil case; the

19  burden of proof versus a criminal case.

20          Is there anyone present who would hold the plaintiff

21  to a higher burden of proof than preponderance of the evidence?

22  Again, these questions are from your questions.

23          The fact that a defendant is a corporation; would

24  that affect your ability to be fair?

25          I then go into some questions about AstraZeneca; the

1  COVID vaccine, any bias or feelings.

2         Then I go into quite a few employment questions.

3  Have you or a family member ever been treated unfairly by an

4  employer?  Had a bad experience?  Ever been fired?  Have you

5  ever taken a medical leave of absence?  Have you ever been

6  involved in a dispute with an employer?  Disciplined or

7  counseled an employee?  Does your current or prior employment

8  involve supervising people?  Have you had to hire or fire.

9  Have you or family ever had to report misconduct at work by

10 another employee to management?

11        Have you ever made any type of claim against an

12 employer, including a discrimination claim?  Have you ever been

13 accused of discriminating against somebody?  Have you or your

14 family ever been subjected to age discrimination in the

15 workplace?  Have you ever been denied a promotion, not hired,

16 terminated for illegal reasons, such as race, gender, age?

17        Then do they have any education around

18 discrimination?  Attended a seminar, educational, informative

19 course?  Provided materials on discrimination?  Have you been

20 treated for some form of emotional distress in the last ten

21 years?

22        And then specific questions about employment and

23 training:  Have you been trained in medicine, pharmacy, or any

24 healthcare field?  Have you been able to work as a

25 pharmaceutical sales rep?  Worked for a pharmaceutical company?

1    Worked for Medicare or an insurance company?

2            And finally, the standard:  Is there any reason I

3    have not covered that you might be unable to be fair and

4    impartial to both parties in this case, give them your full

5    attention, and serve as a juror with an open mind this week and

6    possibly into the following Monday?  I will now allow each

7    attorney a few minutes to follow-up on any questions I might

8    have missed with you.

9            As they raise their hand and disclose an answer to

10   the question, sometimes, as you know, the answer is so obvious

11   that the juror is just excused.  When that happens, the jury

12   administrator will have a line of jurors outside the courtroom,

13   and so the one juror will leave and the next juror will come

14   in.  That's how that's going to work.

15           MR. OSWALD:  And you are taking the answers from the

16   folks in the venire as a group.  So they're not coming up, as

17   an example, to you and talking about it with you.  They get a

18   microphone and they then reveal their answer?

19           THE COURT:  You're exactly right.

20           I do say at the beginning -- I'm always sensitive.  I

21   don't want to embarrass anybody certainly.  These questions are

22   for the purposes of allowing the lawyers to learn a little bit

23   more about you.  But I am sensitive to some of the questions

24   may cause them some discomfort to answer in front of the group.

25           MR. OSWALD:  In those cases, what do you do?

1          THE COURT:  Typically -- I say that if you are not

2    comfortable answering in front of the group, just wave your

3    hand and indicate that, and they are welcome to have a

4    conversation with me.

5          MR. OSWALD:  Understood.

6          MS. RIECHERT:  Can you remind me how many challenges

7    we will get.

8          THE COURT:  Mr. Magnuson.

9          THE CLERK:  You each get three challenges.

10         MR. OSWALD:  And the for cause challenges, when do

11   you want them?

12         MS. RIECHERT:  And how?

13         THE CLERK:  The challenges, I would do when we are

14   doing the jury selection.  I'm not sure exactly -- I forget in

15   our prior conversation how we were going to do jury selection,

16   if we were going to go for our normal standard, Your Honor, of

17   doing it in the courtroom or going out.

18         THE COURT:  I think we can probably do it in the

19   courtroom like we always do it.

20         THE CLERK:  What I do is I have a list that I create

21   as the jurors are selected, and I walk back and forth between

22   counsel table, or however, we might try to do it this way, and

23   let you each mark your challenge on there.  Then I'll show the

24   last challenge to -- we will start with plaintiff first.  Then

25   I'll show defendant's last challenge to plaintiff so they can

1    note that accordingly.  Then I go back up to the bench and

2    finalize the remaining jurors and give the list to the judge to

3    read.

4         MS. RIECHERT:  Does that apply to the "for cause"

5    challenges for as well or only the peremptory challenges?

6         THE CLERK:  I will have to let you answer that,

7    Your Honor.

8         MS. RIECHERT:  Obviously we don't want to say, "I

9    challenge have so and so for cause" and have argument about it

10   in front of the panel.

11        THE COURT:  I would assume it applies to the

12   "for cause" challenges for that very reason.  It wouldn't be

13   appropriate.

14        But, Mr. Manguson, let's double-check on that, and we

15   can be back in touch.

16        THE CLERK:  Okay.  Your Honor.

17        MS. RIECHERT:  Also, there may be some people that

18   are so clearly for cause that Your Honor would say that you

19   would like them excused.

20        THE COURT:  Exactly.

21        MS. RIECHERT:  That's the way we usually do it;

22   somebody who can't be unbiased, or "I know this person," or

23   something.  And beyond that, it is typically private argument

24   on it.

25        THE COURT:  Right.  That's the way we've always done

1  it as well in the past, right.

2       MR. OSWALD:  I want to make sure I'm not waiving

3  anything.  So if we have a "for cause" challenge in the moment,

4  do you want us to approach the bench and make it then, or do we

5  wait for a prearrange point and then bring you all of our

6  "for cause" challenges at once at some point?

7       THE COURT:  Let's wait and bring all "for cause"

8  challenges at the same time, perhaps just prior to Mr. Magnuson

9  going back and forth with the peremptory challenges.

10      MR. OSWALD:  Understood, Your Honor.

11      THE COURT:  Anything else for this afternoon?

12      MR. OSWALD:  Nothing from plaintiff, Your Honor.

13      MS. RIECHERT:  With respect to the designation of

14  Ms. Welch, sometimes there are objections from the lawyer, and

15  we crossed those out in the designation.  Is it Your Honor's

16  intent that those goes out and that all that comes in is the

17  question and the answer?

18      THE COURT:  I think so.  It is less confusing for the

19  jury for them.

20      MS. RIECHERT:  I don't know if this is something to

21  address.  I have got to get my witnesses there, and I need to

22  know if anything that has happened today changes the order that

23  you gave me previously and my witnesses should be there on

24  Friday, except for the ones you want on Tuesday.

25      MR. OSWALD:  Melinda, I think that's right.  That's a

1   very important subject.  Let's have a call immediately after

2   this, and I will answer your questions to your satisfaction.

3            MS. RIECHERT:  Thank you.

4            THE COURT:  Okay.  Thank you for your time and

5   attention this afternoon.  Thank you for all of the work you

6   put into all of the briefing that you did and working together

7   to try to resolve a number of your disagreements.  I really do

8   appreciate that.  If anything comes up between now and Monday,

9   please email or reach out.  Otherwise, I look forward to seeing

10  you in person on Monday at one o'clock.

11           Thank you very much.

12           Court is in recess.

13           Thank you.

14           COUNSEL:  Thank you.

15           (End of proceedings.)

16

17

18

19

20

21

22

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                              --oOo--

3

4            I certify, by signing below, that the foregoing is a

5    correct transcript of the record of proceedings in the

6    above-entitled cause.  A transcript without an original

7    signature, conformed signature, or digitally signed signature

8    is not certified.

9
     /s/ Dennis W. Apodaca                  June 8, 2021
10   DENNIS W. APODACA, RDR, RMR, FCRR, CRR            DATE
     Official Court Reporter
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**COUNSEL: [1]** 34/13
**MR. McALPIN: [1]** 25/17
**MR. McCARTHY: [20]** 4/23 5/1 14/13 14/16 14/24 15/3 15/7
15/20 16/4 16/14 16/19 17/5 17/9 17/16 17/19 17/21 18/7 21/20
24/5 24/14
**MR. OSWALD: [20]** 4/8 4/16 13/21 14/15 17/17 17/20 18/10
18/14 23/8 24/20 26/24 27/6 30/14 30/24 31/4 31/9 33/1 33/9
33/11 33/24
**MR. PLANEUFF: [4]** 24/22 25/3 25/6 26/3
**MS. CHAMBERS: [2]** 17/7 17/14
**MS. RIECHERT: [12]** 4/20 7/23 26/6 31/5 31/11 32/3 32/7
32/16 32/20 33/12 33/19 34/2
**MS. TALCOTT: [1]** 5/2
**THE CLERK: [10]** 4/3 4/25 5/6 25/11 25/13 31/8 31/12 31/19
32/5 32/15
**THE COURT: [39]**

**-**

**--oOo [1]** 36/2

**/**

**/s [1]** 36/9

**1**

**100 [1]** 22/7
**1000 [1]** 2/18
**103 [1]** 15/9
**104 [1]** 9/3
**105 [1]** 15/9
**107 [1]** 15/9
**109 [1]** 15/9
**10th [1]** 8/4
**11 [2]** 15/4 15/8
**118 [1]** 6/24
**11th [1]** 20/7
**120 [2]** 7/3 7/19
**121 [2]** 7/19 8/14
**1211 [1]** 2/12
**124 [1]** 15/9
**127 [1]** 15/10
**133 [1]** 15/10
**134 [1]** 15/10
**14 [2]** 11/10 11/13
**1400 [1]** 2/7
**144 [1]** 15/10
**146 [1]** 15/10
**148 [1]** 15/10
**14B [1]** 5/13
**14th [1]** 5/10
**158 [1]** 15/11
**164 [1]** 15/11
**167 [1]** 15/11
**169 [1]** 15/11
**17 [1]** 11/9
**1701 [1]** 2/10
**171 [1]** 15/11
**176 [1]** 15/11
**178 [1]** 15/11
**179 [1]** 15/11
**17th [2]** 2/4 8/4
**18 [1]** 27/16
**182 [1]** 15/11
**1900 [1]** 2/12
**19103 [1]** 2/10
**1981 [1]** 19/17
**1996 [1]** 7/13
**1:00 [1]** 5/10

**2**

**20 [2]** 15/8 27/16
**20006 [1]** 2/4

**2019 [2]** 18/18 20/7
**2021 [4]** 1/5 4/1 5/10 36/9
**23rd of [1]** 20/20
**25 [2]** 7/11 28/15

**3**

**301 [1]** 2/18
**326-8182 [1]** 2/19
**36 [1]** 15/8
**37 [5]** 15/8 18/13 18/14 18/17 22/12
**3:19-cv-01657-JR [1]** 1/4
**3rd [1]** 8/9

**4**

**401 [1]** 9/20
**403 [4]** 8/20 9/21 13/11 13/14
**404 [1]** 10/10
**41 [5]** 15/8 18/13 18/14 20/7 22/12
**424 [3]** 16/23 17/4 17/11
**427 [3]** 16/23 17/4 17/11
**43's [1]** 7/17

**5**

**503 [1]** 2/19
**536 [3]** 13/5 13/6 13/10
**537 [2]** 13/6 13/10
**538 [2]** 13/6 13/10
**551 [1]** 13/11
**552 [2]** 13/13 13/14
**554 [1]** 13/15
**555 [3]** 13/6 13/10 13/17
**564 [1]** 16/21
**58 [1]** 15/8
**59 [6]** 15/8 18/13 18/14 20/15 21/19 22/2

**6**

**602 [1]** 9/17
**64 [1]** 15/8
**663 [1]** 19/16

**7**

**70 [1]** 8/17
**701 [2]** 9/17 10/3

**8**

**801 [2]** 18/24 19/23
**81 [1]** 9/8
**8182 [1]** 2/19
**869 [1]** 19/16
**88 [1]** 15/8
**888 [1]** 2/4
**8:00 [1]** 5/12
**8:00 a.m [1]** 5/13
**8th [1]** 18/18

**9**

**904 [1]** 19/17
**93 [1]** 15/14
**94 [2]** 11/17 16/17
**94304 [1]** 2/7
**97 [2]** 15/9 15/21
**97204 [2]** 2/13 2/18
**98 [1]** 15/9

**A**

**a.m [2]** 5/12 5/13
**ability [2]** 15/13 28/24
**able [7]** 9/9 13/24 14/19 26/2 26/8 26/11 29/24
**about [39]**
**above [2]** 8/7 36/6
**above-entitled [1]** 36/6
**absence [3]** 22/10 23/6 29/5
**absent [1]** 17/1

## A

absolutely [1] 6/14
accepted [2] 20/24 23/17
accommodate [1] 25/21
accomplish [1] 16/8
According [1] 22/21
accordingly [1] 32/1
accurate [1] 23/7
accused [1] 29/13
actions [1] 12/5
actually [1] 28/14
adding [1] 15/20
addition [1] 12/6
additional [2] 26/24 28/13
address [4] 22/13 22/23 28/3 33/21
administrator [2] 27/14 30/12
admissible [4] 10/16 12/25 21/19 24/10
admission [10] 18/25 19/15 19/25 20/3 21/16 22/20 22/20 22/21 24/2 24/5
admissions [1] 20/13
admitted [2] 20/4 23/15
admitting [1] 21/10
adopt [1] 19/15
adopted [8] 18/25 19/12 19/22 20/3 20/13 20/13 22/20 22/25
adopting [2] 22/22 22/24
advance [3] 6/11 26/8 26/12
Advisory [1] 7/9
affect [1] 28/24
affiliation [1] 28/13
after [2] 6/1 34/1
afternoon [3] 6/13 33/11 34/5
again [12] 5/8 7/18 8/11 8/13 10/5 11/13 16/2 20/6 20/9 23/3 25/2 28/22
against [3] 23/15 29/11 29/13
age [3] 10/11 29/14 29/16
age-related [1] 10/11
agree [6] 12/3 14/9 16/23 17/10 17/15 22/16
agreed [2] 5/24 14/8 14/8
agreement [6] 11/2 13/23 14/3 14/18 15/13 15/25
agreements [1] 14/4
ahead [1] 25/13
all [18] 5/16 5/18 6/13 6/16 7/13 7/23 7/25 11/6 11/25 13/6 19/6 26/10 26/20 33/5 33/7 33/16 34/5 34/6
allegations [1] 19/9
alleged [2] 10/19 12/17
allow [6] 8/2 8/11 9/4 11/18 13/2 30/6
allowed [3] 10/10 12/6 26/19
allowing [1] 30/22
along [1] 13/3
already [1] 13/17
also [15] 4/24 5/3 5/22 5/25 6/10 8/21 10/12 10/15 11/16 12/8 12/19 14/8 21/18 26/17 32/17
Alto [1] 2/7
always [3] 30/20 31/19 32/25
am [12] 4/21 5/9 7/14 7/15 8/16 11/18 11/22 13/2 15/5 17/12 24/24 30/23
amended [1] 16/11
amount [2] 5/17 6/15
Anita [3] 2/2 4/9 17/10
Anne [2] 2/11 5/3
another [2] 12/9 29/10
answer [7] 30/9 30/10 30/18 30/24 32/6 33/17 34/2
answering [1] 31/2
answers [2] 26/15 30/15
any [28] 5/20 5/20 6/9 8/14 9/5 10/24 12/15 12/17 16/8 16/13 17/7 21/15 22/10 23/6 23/18 26/9 26/14 26/24 27/2 27/19 28/5 28/11 29/1 29/11 29/17 29/23 30/2 30/7
anybody [2] 27/19 30/21
anyone [1] 28/20
anything [5] 24/19 33/3 33/11 33/22 34/8
Apodaca [3] 2/17 36/9 36/10
apologize [3] 13/22 14/18 25/3

appearance [1] 7/2
APPEARANCES [1] 2/1
appearing [1] 7/25
applications [1] 26/1
applied [1] 21/3
applies [1] 32/11
apply [3] 16/22 21/11 32/4
appreciate [7] 5/17 14/16 15/3 15/12 21/20 24/16 34/8
approach [1] 33/4
appropriate [1] 32/13
approve [1] 14/5
approximately [2] 11/10 11/13
are [59]
area [1] 12/23
argument [5] 6/13 6/18 18/1 32/9 32/23
arguments [1] 24/17
around [1] 29/17
as [52]
ask [13] 16/15 20/13 21/18 23/7 25/2 26/14 27/1 27/2 27/22 27/24 28/9 28/10 28/13
asked [1] 27/9
asking [2] 27/11 27/19
assertion [1] 22/8
assist [1] 25/22
assists [1] 26/2
assume [1] 32/11
assuming [3] 14/5 14/9 24/25
astray [1] 9/23
AstraZeneca [11] 1/6 4/5 4/20 4/22 4/25 5/4 16/17 17/24 21/4 21/5 22/15 24/8 28/25
AstraZeneca's [3] 20/18 22/17 23/5
Attended [1] 29/18
attending [1] 5/5
attention [2] 30/5 34/5
attorney [2] 26/9 30/7
authority [1] 7/1
available [1] 11/4
Avenue [2] 2/12 2/18

## B

back [10] 15/25 19/3 19/25 20/8 25/9 27/23 31/21 32/1 32/15 33/9
background [1] 11/19
bad [1] 29/4
Barbara [1] 20/17
Barnes [3] 9/1 10/2 11/15
barred [1] 9/17
based [3] 5/23 6/3 28/14
basic [2] 27/18 27/18
basically [1] 28/6
basis [2] 18/21 21/2
be [47]
bears [1] 11/4
because [10] 10/23 20/1 21/15 24/7 25/24 25/25 26/18
becomes [1] 9/22
been [14] 12/7 19/13 19/14 26/21 28/17 29/3 29/4 29/5 29/12 29/14 29/15 29/19 29/23 29/24
before [5] 1/11 6/2 16/1 16/10 23/5
begin [1] 5/7
beginning [3] 5/10 13/5 30/20
behavior [1] 9/15
being [4] 19/2 22/9 26/2 26/17
believe [6] 5/4 18/24 19/20 20/3 20/12 25/14
below [1] 36/4
bench [3] 16/10 32/1 33/4
better [1] 15/15
between [9] 8/5 10/1 17/4 20/16 25/8 25/9 25/19 31/21 34/8
beyond [1] 32/23
bias [1] 29/1
bit [2] 13/24 30/22
board [2] 27/17 27/24
Bockius [2] 2/6 2/9
both [6] 6/11 7/8 10/15 21/14 25/20 30/4

**B**

**branding** [1] 10/22
**breathtaking** [1] 23/21
**briefing** [2] 6/20 34/6
**briefly** [2] 21/21 28/18
**bring** [2] 33/5 33/7
**bringing** [1] 27/10
**broad** [1] 28/16
**brought** [1] 27/25
**Bryne** [1] 12/7
**burden** [2] 28/19 28/21
**business** [4] 23/22 24/9 24/10 24/11
**Byrne** [2] 7/7 11/24

**C**

**CA** [1] 2/7
**call** [4] 8/5 11/9 11/12 34/1
**called** [2] 8/6 22/7
**came** [2] 14/4 14/18
**cameras** [1] 4/14
**can** [16] 4/18 6/8 13/4 13/8 14/14 14/21 14/21 17/12 21/21 25/9 25/22 27/15 31/6 31/18 31/25 32/15
**can't** [3] 25/20 27/15 32/22
**cannot** [2] 12/15 23/20
**capability** [1] 25/19
**capacities** [1] 20/2
**capacity** [1] 20/11
**Capell** [1] 11/24
**card** [1] 27/11
**care** [1] 16/7
**carefully** [1] 9/5
**case** [16] 4/4 4/5 6/16 8/6 10/24 19/21 20/20 22/4 22/21 22/23 23/1 24/1 26/14 28/18 28/19 30/4
**case-in-chief** [1] 8/6
**cases** [3] 7/13 8/21 30/25
**cause** [13] 7/10 10/21 10/22 30/24 31/10 32/4 32/9 32/12 32/18 33/3 33/6 33/7 36/6
**Ceaser** [1] 20/17
**certain** [2] 7/4 16/22
**certainly** [7] 5/16 9/21 22/22 23/1 23/15 23/20 30/21
**certified** [1] 36/8
**certify** [1] 36/4
**challenge** [5] 31/23 31/24 31/25 32/9 33/3
**challenges** [10] 31/6 31/9 31/10 31/13 32/5 32/5 32/12 33/6 33/8 33/9
**Chambers** [2] 2/2 4/9
**change** [1] 6/8
**changed** [1] 7/12
**changes** [2] 12/4 33/22
**chart** [1] 15/22
**check** [1] 32/14
**checking** [1] 16/7
**chief** [1] 8/6
**Circuit** [4] 6/4 10/13 19/16 19/17
**circumstances** [1] 7/10
**cited** [1] 7/13
**civil** [2] 4/5 28/18
**claim** [2] 29/11 29/12
**clarify** [2] 16/20 17/8
**clarifying** [1] 16/15
**class** [1] 10/15
**clearly** [2] 7/16 32/18
**clerk** [1] 4/13
**closely** [1] 10/6
**coin** [1] 23/16
**colleagues** [1] 5/4
**come** [7] 5/12 5/13 13/23 14/2 15/13 27/13 30/13
**comes** [2] 33/16 34/8
**comfortable** [1] 31/2
**coming** [1] 30/16
**comments** [1] 12/4
**Committee's** [1] 7/10

**communicated** [1] 21/3
**communication** [3] 19/18 20/10 23/18
**company** [6] 11/19 20/25 21/10 23/21 29/25 30/1
**compel** [1] 6/24 7/1
**compelled** [1] 6/19
**compelling** [1] 7/10
**complaint** [2] 10/21 11/7
**compliance** [2] 20/18 20/19
**comprehensive** [1] 5/16
**concern** [3] 12/16 14/11 21/4
**concerned** [1] 24/24
**concerning** [1] 6/23
**concerns** [3] 20/25 22/1 22/9
**conclusions** [1] 9/16
**condition** [1] 12/17
**conduct** [1] 19/10
**conference** [8] 1/10 3/3 4/3 5/11 6/5 7/6 8/3 8/12
**conferral** [1] 15/13
**conferred** [1] 14/2
**confirming** [2] 8/5 8/7
**conflicts** [1] 9/19
**conformed** [1] 36/7
**confusing** [1] 33/18
**consider** [1] 20/14
**consideration** [1] 24/17
**consistently** [2] 21/3 21/11
**contemporaneously** [1] 24/4
**content** [4] 16/24 25/20 25/23 26/3
**context** [3] 10/13 21/22 23/10
**conversation** [4] 20/23 23/25 31/4 31/15
**copies** [1] 25/24
**copy** [4] 6/7 6/11 15/22 18/5
**core** [1] 22/13
**corporation** [1] 28/23
**correct** [9] 14/24 14/25 16/2 17/3 17/5 17/6 17/10 25/1 36/5
**correctly** [1] 14/17
**could** [6] 14/22 18/11 22/16 22/24 23/14 27/8
**counsel** [9] 4/7 4/18 4/22 7/22 8/5 8/19 22/3 23/10 31/22
**counseled** [1] 29/7
**counted** [1] 15/14
**counter** [1] 13/3
**counter-designations** [1] 13/3
**course** [5] 17/21 18/20 19/9 21/16 29/19
**court** [16] 1/1 1/12 2/17 5/24 6/1 7/1 14/8 20/13 21/18 25/11 26/9 26/14 27/1 27/19 34/12 36/10
**Court-directed** [1] 26/14
**Courthouse** [1] 2/17
**courtroom** [9] 5/13 25/20 26/18 26/19 27/14 27/16 30/12 31/17 31/19
**cover** [1] 5/15
**covered** [2] 12/15 30/3
**COVID** [1] 29/1
**create** [1] 31/20
**creates** [1] 24/9
**creating** [1] 19/8
**criminal** [1] 28/19
**critical** [1] 19/7
**cross** [1] 22/17
**crossed** [1] 33/15
**CRR** [2] 2/17 36/10
**curiosity** [1] 24/12
**current** [1] 29/7
**cv** [2] 1/4 4/6

**D**

**damages** [1] 12/1
**DATE** [1] 36/10
**Dawn** [1] 20/17
**DC** [1] 2/4
**deals** [1] 21/16
**deem** [1] 11/20
**defendant** [24] 1/7 2/6 4/19 6/25 7/23 8/14 8/21 8/24 9/11 9/21 9/24 10/8 10/17 10/19 11/12 11/23 12/3 12/8 12/19 13/8 14/24

## D

**defendant... [3]** 18/20 23/25 28/23
**defendant's [16]** 7/20 8/8 8/12 9/7 10/2 10/12 11/1 11/5 11/22 12/10 12/24 13/3 13/5 13/18 13/20 31/25
**defense [4]** 7/22 7/25 17/5 19/24
**demeanor [1]** 12/5
**denied [13]** 7/1 7/5 8/24 9/3 9/9 9/13 9/19 9/25 10/10 10/20 11/3 26/23 29/15
**Dennis [3]** 2/17 36/9 36/10
**deny [2]** 8/12 19/19
**denying [1]** 7/14
**deposed [1]** 22/4
**deposition [2]** 13/2 13/2
**describes [1]** 19/17
**designates [1]** 13/1
**designation [2]** 33/13 33/15
**designations [1]** 13/3
**did [7]** 8/8 15/22 16/10 16/12 21/10 21/11 34/6
**didn't [1]** 6/19
**difference [1]** 10/1
**difficult [1]** 25/24
**digitally [1]** 36/7
**DiNunzio [2]** 10/9 12/12
**DiNunzio's [1]** 9/15
**dire [5]** 5/23 26/7 26/9 26/10 27/1
**directed [1]** 26/14
**directly [3]** 10/12 20/1 21/16
**Director [1]** 26/2
**disagree [2]** 22/7 24/7
**disagreement [1]** 13/25
**disagreements [1]** 34/7
**disagrees [1]** 22/15
**discipline [1]** 21/13
**Disciplined [1]** 29/6
**disclose [1]** 30/9
**discomfort [1]** 30/24
**discourage [1]** 23/23
**discovery [2]** 13/7 17/25
**discriminating [1]** 29/13
**discrimination [5]** 19/9 29/12 29/14 29/18 29/19
**discuss [2]** 6/8 6/10
**discussed [1]** 17/23
**discussing [1]** 21/23
**disparate [1]** 20/23
**display [1]** 25/20
**dispute [1]** 29/6
**disputes [1]** 15/1
**distress [1]** 29/20
**distribute [1]** 6/6
**district [6]** 1/1 1/2 1/12 2/17 7/2 7/9
**do [29]** 15/12 16/3 18/3 18/4 18/12 19/15 24/19 27/3 27/12 27/12 28/2 28/6 28/6 28/11 29/17 30/20 30/25 30/25 31/10 31/13 31/15 31/18 31/19 31/20 31/22 32/21 33/4 33/4 34/7
**doctors [1]** 7/7
**document [17]** 6/24 7/3 7/19 7/19 7/19 8/14 8/17 9/3 9/8 11/4 11/17 15/21 16/17 19/6 21/9 22/11 25/9 25/11
**documenting [1]** 24/8
**documents [7]** 17/19 17/25 18/2 18/12 18/13 21/25 24/9
**does [4]** 7/16 27/19 29/7 32/4
**doing [4]** 18/18 26/9 31/14 31/17
**don't [12]** 13/14 14/6 15/18 16/25 17/11 22/25 27/15 27/21 28/3 30/21 32/8 33/20
**done [3]** 6/15 20/1 32/25
**doors [1]** 5/12
**double [1]** 32/14
**double-check [1]** 32/14
**down [3]** 23/23 27/5 27/7
**Dr [1]** 12/6
**Dr. [1]** 12/7
**Dr. Bryne [1]** 12/7
**drafted [2]** 5/22 5/25
**Drs [1]** 11/23
**Drs. [1]** 7/7
**Drs. Johnson [1]** 7/7
**duplicative [2]** 9/5 10/6
**during [4]** 8/19 9/22 18/19 23/23

## E

**each [5]** 18/15 20/21 30/6 31/9 31/23
**early [1]** 5/12
**Edelman's [1]** 11/11
**education [2]** 28/5 29/17
**educational [1]** 29/18
**eight [1]** 28/4
**eight-year-old [1]** 28/4
**either [6]** 9/22 13/9 14/21 16/13 18/4 27/7
**else [3]** 21/7 24/19 33/11
**email [10]** 8/7 16/11 18/5 18/17 19/6 20/6 20/15 22/25 23/13 34/9
**embarrass [1]** 30/21
**emotional [2]** 12/16 29/20
**employed [2]** 28/1 28/2
**employee [4]** 7/23 17/5 29/7 29/10
**employees [4]** 9/15 10/14 22/17 24/7
**employees' [2]** 9/25 10/9
**employer [3]** 29/4 29/6 29/12
**employer's [1]** 10/14
**employment [5]** 2/3 8/19 29/2 29/7 29/22
**end [7]** 5/19 6/18 12/21 26/1 26/12 26/13 34/15
**entire [1]** 28/10
**entitled [1]** 36/6
**equally [1]** 24/4
**escalated [1]** 20/21
**essence [1]** 23/11
**essentially [1]** 23/4
**events [1]** 22/14
**ever [10]** 28/17 29/3 29/4 29/5 29/5 29/9 29/11 29/12 29/14 29/15
**every [1]** 27/24
**everybody [2]** 5/9 27/22
**everything [4]** 5/18 6/15 7/11 16/7
**evidence [14]** 8/22 9/20 9/25 10/9 10/10 10/14 10/18 10/24 11/2 11/4 13/13 13/15 26/21 28/21
**exactly [4]** 16/2 30/19 31/14 32/20
**example [2]** 28/4 30/17
**except [1]** 33/24
**exception [2]** 7/17 22/25
**exchange [1]** 20/16
**exclude [8]** 8/18 8/25 9/11 9/18 9/24 10/8 10/17 11/1
**excluded [2]** 13/10 26/18
**excluding [1]** 15/5
**exclusively [2]** 5/23 6/3
**Excuse [1]** 17/21
**excused [2]** 30/11 32/19
**exhibit [8]** 5/19 15/19 16/2 16/22 17/2 20/15 21/19 22/2
**exhibits [20]** 13/4 13/5 13/7 13/9 13/19 13/21 14/11 14/12 14/24 15/10 16/14 16/17 17/23 21/23 22/12 22/3 23/8 24/13 26/20 26/20
**expedited [1]** 6/24
**experience [3]** 10/9 12/12 29/4
**experiences [1]** 10/5
**expert [6]** 12/7 12/9 12/9 12/14 25/17 25/17
**expertise [1]** 12/23
**explanation [1]** 12/4
**extent [1]** 19/20

## F

**F.2d [1]** 19/16
**fact [4]** 14/8 20/1 21/9 28/23
**factual [2]** 9/14 12/23
**failed [1]** 20/2
**fails [1]** 19/15
**failure [1]** 13/9
**fair [3]** 6/15 28/24 30/3
**family [5]** 28/4 28/17 29/3 29/9 29/14

**F**

far [3]  9/23 23/1 24/24
FCRR [2]  2/17 36/10
Federal [1]  8/22
feel [2]  6/19 22/13
feelings [1]  29/1
few [7]  13/25 17/23 24/21 26/13 28/14 29/2 30/7
field [1]  29/24
Fifth [1]  2/12
file [2]  8/14 18/6
filed [7]  6/22 6/22 11/14 11/16 11/23 12/8 16/11
filings [1]  5/16
finalize [1]  32/2
finally [6]  7/18 8/9 11/1 13/1 26/22 30/2
find [7]  7/15 8/20 9/19 10/1 11/4 11/18 21/18
fire [1]  29/8
fired [1]  29/4
firing [2]  20/9 21/2
first [8]  6/23 7/22 8/6 8/18 12/2 17/23 22/2 31/24
first-hand [1]  12/2
fit [1]  7/16
five [3]  9/1 10/2 27/18
flights [1]  7/8
folks [6]  5/15 6/17 24/19 27/20 27/22 30/16
follow [4]  26/14 26/25 27/3 30/7
follow-up [4]  26/14 26/25 27/3 30/7
following [1]  30/6
for cause [2]  32/12 33/6
foregoing [1]  36/4
forget [1]  31/14
forgive [2]  14/6 14/12
form [3]  6/10 6/12 29/20
forth [3]  25/9 31/21 33/9
forward [4]  5/9 24/1 24/3 34/9
foundation [2]  22/5 22/10
frankly [3]  7/9 7/12 18/6
FRE [2]  9/17 10/3
Friday [3]  6/22 8/15 33/24
friend [1]  23/11
front [3]  30/24 31/2 32/10
full [3]  21/12 27/25 30/4

**G**

Gary [1]  28/8
gave [1]  33/23
gee [1]  21/5
gender [1]  29/16
general [1]  27/11
generally [2]  28/2 28/3
get [7]  6/6 14/19 16/10 30/17 31/7 31/9 33/21
getting [1]  21/8
Gibbs [1]  11/25
give [8]  6/7 15/16 21/22 24/17 26/13 27/2 30/4 32/2
given [4]  6/1 12/22 19/13 19/14
giving [1]  22/14
global [1]  20/21
go [10]  6/16 15/16 15/25 23/22 25/9 25/13 28/25 29/2 31/16 32/1
goes [5]  9/23 10/11 23/21 28/12 33/16
going [20]  5/17 6/21 8/16 10/5 11/18 13/2 14/3 24/25 25/25 26/8 26/9 26/13 27/5 27/7 27/16 30/14 31/15 31/16 31/17 33/9
gone [1]  27/9
good [1]  7/10
got [3]  19/3 21/7 33/21
granted [8]  7/5 8/19 9/12 13/6 13/8 13/11 13/15 22/15
Griffith [3]  9/1 10/2 11/14
group [8]  2/3 27/11 27/13 27/17 30/16 30/24 31/2
guru [1]  4/12

**H**

had [14]  10/21 13/23 14/1 14/2 14/12 15/14 16/7 18/19 20/25 23/25 24/23 29/4 29/8 29/9

half [1]  15/25
Hamilton [1]  11/17
Hamilton's [1]  11/18
hand [3]  12/2 30/9 31/3
hands [1]  28/12
happen [1]  25/22
happened [2]  19/11 33/22
happening [1]  19/1
happens [1]  30/11
happy [3]  6/20 16/13 22/23
hard [1]  25/24
harmless [1]  13/9
has [12]  7/12 10/13 12/7 12/8 12/11 12/17 13/4 19/13 19/14 20/24 24/3 33/22
have [71]
haven't [1]  18/12
having [1]  12/21
Hawaii [1]  7/16
he [7]  5/5 5/5 8/5 12/14 12/14 12/18 12/19
headaches [1]  12/18
healthcare [1]  29/24
hear [3]  6/20 16/13 17/25
heard [3]  17/18 18/11 21/21
hearing [5]  1/10 3/3 4/3 4/15 18/23
hearsay [9]  9/22 12/5 18/21 18/24 19/23 21/15 22/13 23/14 24/10
help [1]  5/5
her [15]  7/14 9/15 10/21 18/17 18/19 19/6 19/24 20/9 21/14 21/16 22/25 22/5 22/14 22/18 24/4
here [8]  4/4 4/15 10/20 14/1 14/14 14/20 23/13 25/17
higher [1]  28/21
highest [1]  20/18
highly [1]  21/14
Hinson [2]  7/15 11/24
hire [1]  29/8
hired [1]  29/15
his [8]  8/3 8/11 12/12 12/12 12/16 12/22 12/23 12/24
history [2]  10/11 12/22
hold [1]  6/5 28/20
Honor [25]  4/11 5/7 7/24 13/22 16/5 16/23 17/6 17/18 18/11 22/1 22/23 23/2 23/9 24/6 24/11 24/21 25/12 26/25 31/16 32/7 32/16 32/18 33/10 33/12
Honor's [1]  33/15
HONORABLE [1]  1/11
hour [1]  7/8
hours [2]  11/10 11/13
how [8]  18/3 23/21 23/22 27/12 30/14 31/6 31/12 31/15
however [7]  7/14 8/14 9/4 9/21 10/5 12/22 31/22
human [10]  18/17 18/20 18/23 19/4 19/21 20/6 20/11 20/16 21/5 23/11

**I**

I'll [4]  22/13 25/22 31/23 31/25
I'm [18]  6/20 6/21 7/9 7/12 10/5 12/9 15/21 16/6 16/13 16/19 25/2 25/14 26/13 26/17 27/16 30/20 31/14 33/2
I've [1]  26/14
identified [1]  12/7
identify [2]  4/7 4/19
illegal [1]  29/16
image [1]  25/25
Imagine [1]  23/10
immediately [1]  34/1
impartial [1]  30/4
implication [2]  23/20
import [1]  19/13
important [1]  34/1
inaccurate [1]  19/20
inadmissible [1]  23/19
inadvertently [1]  8/10
include [1]  24/8
includes [1]  9/2
including [2]  12/17 29/12
indeed [2]  20/2 20/19

# I

**INDEX [1]** 3/1
**indicate [1]** 31/3
**indicated [2]** 5/11 16/11
**individual [1]** 23/15
**individually [2]** 27/5 27/7
**individuals [7]** 9/1 11/5 11/24 12/1 19/7 20/10 27/13
**info [1]** 11/19
**information [3]** 18/2 19/2 21/6
**informative [1]** 29/18
**initial [1]** 21/13
**initially [2]** 15/14 27/2
**injunction [1]** 6/3
**inquiring [1]** 20/24
**instances [1]** 10/11
**instruction [3]** 6/5 14/6 14/10
**instructions [10]** 5/25 6/1 6/3 6/4 6/7 6/10 6/12 14/4 14/7 16/11
**insurance [1]** 30/1
**integrity [1]** 11/2
**intend [2]** 6/7 9/4
**intends [3]** 11/9 11/12 12/20
**intent [3]** 5/18 6/16 33/16
**internal [1]** 10/18
**internally [1]** 25/8
**interrupting [1]** 13/23
**introduce [4]** 27/18 27/19 27/20 27/22
**introduced [1]** 27/20
**introduction [1]** 28/7
**investigating [2]** 11/6 19/8
**investigation [8]** 10/18 10/24 18/20 19/2 19/10 20/19 23/13 23/18
**investigations [2]** 23/22 23/23
**involve [1]** 29/8
**involved [5]** 11/6 20/19 20/20 28/17 29/6
**irrelevant [2]** 11/20 17/2
**is [151]**
**issue [9]** 6/23 9/22 10/20 10/22 10/23 12/15 12/17 14/20 15/17
**issues [2]** 10/19 22/6
**it [62]**
**it's [4]** 16/25 21/14 21/14 24/2
**item [1]** 17/20
**its [2]** 8/6 21/11
**itself [2]** 16/9 18/23
**Ivie [10]** 1/3 4/4 4/10 18/17 20/6 20/24 21/2 21/12 23/4 24/1

# J

**January [1]** 20/20
**job [3]** 11/20 12/22 24/8
**Johnson [3]** 7/7 11/24 12/6
**joining [1]** 4/12
**JOLIE [1]** 1/11
**JR [2]** 1/4 4/6
**judge [11]** 14/19 14/22 15/5 15/21 16/15 16/18 16/20 17/23 18/1 21/21 32/2
**June [6]** 1/5 4/1 5/10 8/9 20/7 36/9
**June 14th [1]** 5/10
**June 3rd [1]** 8/9
**juror [4]** 30/5 30/11 30/13 30/13
**jurors [5]** 26/12 28/11 30/12 31/21 32/2
**jury [17]** 6/1 6/4 6/5 6/7 6/8 14/7 16/11 17/12 21/25 22/9 23/4 25/9 27/14 30/11 31/14 31/15 33/19
**just [23]** 4/14 6/18 13/24 13/25 14/22 15/19 16/1 16/1 16/4 16/10 16/12 17/12 19/24 21/21 22/24 23/9 24/12 25/25 26/25 27/25 30/11 31/2 33/8
**justified [1]** 13/10

# K

**kind [3]** 21/8 21/8 21/15
**knew [2]** 21/17 21/17
**know [13]** 5/22 6/11 11/11 14/3 14/6 16/18 26/12 27/19 27/21 30/10 32/22 33/20 33/22
**knowledge [3]** 11/6 12/11 22/6

**known [1]** 7/16

# L

**label [1]** 10/19
**lack [1]** 12/24
**lacks [1]** 7/1
**largely [1]** 11/19
**last [6]** 14/2 20/15 22/2 29/20 31/24 31/25
**law [3]** 2/3 4/13 8/22
**lawsuit [1]** 28/17
**lawyer [2]** 27/21 33/14
**lawyers [6]** 4/13 6/6 26/13 27/20 28/9 30/22
**learn [1]** 30/22
**least [3]** 15/22 21/2 21/13
**leave [2]** 29/5 30/13
**legal [1]** 9/16
**less [2]** 7/9 33/18
**let [9]** 5/22 13/25 16/18 18/15 22/1 26/12 26/17 31/23 32/6
**let's [4]** 23/12 32/14 33/7 34/1
**letting [1]** 23/4
**level [1]** 21/10
**Lewis [4]** 2/6 2/9 4/22 4/24
**lighten [1]** 13/24
**like [8]** 13/6 17/18 22/23 24/9 26/2 28/16 31/19 32/19
**limine [5]** 8/17 8/23 9/7 11/16 15/6
**limited [2]** 9/14 12/1
**line [4]** 17/4 27/5 27/8 30/12
**lines [5]** 16/22 16/23 17/2 17/4 17/11
**list [7]** 8/4 16/3 16/7 28/9 28/10 31/20 32/2
**listed [1]** 8/4
**listen [1]** 9/4
**little [2]** 13/24 30/22
**live [2]** 14/25 28/4
**LLP [2]** 2/6 2/9
**load [1]** 13/24
**local [1]** 25/10
**log [1]** 4/13
**long [1]** 10/13
**look [5]** 15/25 16/2 18/24 24/17 34/9
**looking [4]** 5/9 15/21 25/2 25/10
**looks [2]** 13/6 15/14
**lot [2]** 5/15 25/24
**LP [2]** 1/6 4/5

# M

**made [2]** 22/8 29/11
**MAGISTRATE [1]** 1/12
**Magnuson [4]** 25/13 27/25 31/8 33/8
**make [11]** 6/9 6/17 6/19 6/19 10/21 16/1 19/3 20/8 25/22 33/2 33/4
**making [1]** 18/22
**management [1]** 29/10
**Manguson [1]** 32/14
**many [3]** 13/23 14/11 31/6
**mark [1]** 31/23
**Market [1]** 2/10
**material [1]** 21/14
**materials [1]** 29/19
**may [19]** 4/13 6/8 6/8 6/9 7/6 8/4 8/4 8/14 9/13 9/21 10/4 12/14 16/15 17/22 17/25 18/1 18/18 30/24 32/17
**May 17th [1]** 8/4
**May 8th [1]** 18/18
**maybe [1]** 26/22
**Mazumdar [1]** 2/2
**McCarthy [4]** 2/9 4/24 5/1 24/12
**McCullough [5]** 10/20 20/24 21/1 22/3
**me [18]** 14/1 14/6 14/12 15/2 16/4 16/7 16/18 17/21 18/15 22/1 26/17 27/8 27/14 27/16 28/15 31/4 31/6 33/23
**mean [2]** 23/20 27/6
**means [1]** 23/17
**meant [2]** 22/5 22/8
**medical [4]** 12/7 12/18 15/9 29/5
**Medicare [1]** 30/1

## M

**medicine [1]** 29/23
**meet [1]** 25/16
**meeting [1]** 18/19
**meetings [1]** 24/3
**Melinda [4]** 2/6 4/21 7/24 33/25
**member [2]** 28/17 29/3
**members [1]** 10/15
**memorializing [2]** 19/10 23/25
**mental [1]** 12/16
**mentioned [1]** 13/17
**mentions [1]** 22/22
**message [2]** 16/24 17/13
**messages [3]** 16/22 17/4 17/9
**met [1]** 14/2
**microphone [1]** 30/18
**might [5]** 5/20 13/24 30/3 30/7 31/22
**migraine [1]** 12/17
**mike [1]** 28/12
**Mill [1]** 2/7
**mind [2]** 6/8 30/5
**minutes [2]** 26/13 30/7
**misconduct [1]** 29/9
**missed [2]** 26/22 30/8
**model [1]** 6/3
**moment [1]** 33/3
**Monday [7]** 5/10 5/13 25/15 25/16 30/6 34/8 34/10
**moot [2]** 8/24 9/9
**more [6]** 7/12 7/16 8/20 9/20 26/22 30/23
**Morgan [4]** 2/6 2/9 4/22 4/24
**morning [1]** 25/15
**most [1]** 6/21
**motion [32]** 6/24 7/1 7/4 7/5 7/14 7/14 7/20 8/12 8/18 8/19 8/23 8/25 9/3 9/3 9/7 9/8 9/11 9/12 9/18 9/19 9/24 9/25 10/8 10/10 10/17 10/20 11/1 11/1 11/3 11/16 15/6 26/22
**motions [8]** 5/19 6/14 6/17 6/21 8/16 9/10 26/23 26/23
**motive [3]** 9/12 10/12 11/5
**mouth [1]** 23/5
**move [2]** 8/16 13/4
**moved [1]** 14/1
**moves [4]** 9/11 9/18 9/24 10/17
**moving [9]** 9/7 9/11 9/18 10/8 10/17 11/8 11/22 13/11 13/20
**Mr [1]** 14/17
**Mr. [16]** 6/25 7/2 7/15 7/18 8/2 8/3 11/11 22/8 22/21 24/7 24/12 25/13 27/25 31/8 32/14 33/8
**Mr. Edelman's [1]** 11/11
**Mr. Hinson [1]** 7/15
**Mr. Magnuson [4]** 25/13 27/25 31/8 33/8
**Mr. Manguson [1]** 32/14
**Mr. McCarthy [1]** 24/12
**Mr. Oswald [3]** 22/8 22/21 24/7
**Mr. Pomponi [3]** 6/25 7/18 8/3
**Mr. Pomponi's [2]** 7/2 8/2
**Ms [4]** 11/17 21/1 21/12 22/3
**Ms. [8]** 11/18 18/17 20/6 20/24 20/24 23/4 24/1 33/14
**Ms. Hamilton's [1]** 11/18
**Ms. Ivie [5]** 18/17 20/6 20/24 23/4 24/1
**Ms. McCullough [1]** 20/24
**Ms. Welch [1]** 33/14
**much [2]** 15/15 34/11
**must [1]** 19/18
**my [14]** 5/4 5/18 6/8 6/16 14/13 15/16 15/22 16/7 16/21 23/11 26/4 28/4 33/21 33/23
**myself [1]** 27/19

## N

**name [1]** 27/25
**names [3]** 7/7 28/5 28/11
**nature [1]** 12/23
**necessary [1]** 28/5
**need [2]** 28/3 33/21
**needed [1]** 16/8

**needs [1]** 10/8
**neither [2]** 11/20 12/6
**Nevada [1]** 8/21
**next [3]** 7/3 11/8 30/13
**nice [1]** 5/8
**nine [2]** 9/8 11/1
**Ninth [4]** 6/3 10/13 19/16 19/17
**Ninth Circuit [3]** 10/13 19/16 19/17
**no [9]** 9/16 10/11 12/11 15/19 19/6 20/11 20/15 22/4 26/15
**No. [5]** 4/6 8/23 20/7 21/19 22/2
**No. 2 [1]** 8/23
**No. 3:19-cv-1657-JR [1]** 4/6
**No. 41 [1]** 20/7
**No. 59 [2]** 21/19 22/2
**nobody [2]** 17/13 26/19
**non [4]** 17/5 18/24 19/23 26/20
**non-defense [1]** 17/5
**non-hearsay [2]** 18/24 19/23
**non-objected [1]** 26/20
**normal [1]** 31/16
**not [37]**
**note [6]** 8/21 10/12 11/8 12/6 14/22 32/1
**noted [1]** 14/17
**notes [1]** 6/18
**Nothing [1]** 33/12
**notice [1]** 21/12
**noting [1]** 7/11
**now [15]** 7/11 8/16 9/7 9/11 11/22 13/4 15/18 15/24 15/25 16/21 18/1 22/15 25/10 30/6 34/8
**number [3]** 8/25 28/14 34/7
**numbers [1]** 15/3
**NW [1]** 2/4

## O

**o'clock [1]** 34/10
**object [3]** 9/22 24/14 24/15
**objected [6]** 13/5 14/24 15/19 16/25 18/13 26/20
**objection [12]** 11/17 12/10 12/24 13/11 13/12 13/15 16/17 16/21 17/1 17/7 17/15 17/24
**objections [17]** 5/19 6/9 6/14 6/17 8/14 11/14 11/22 11/23 12/8 13/18 13/20 15/14 15/17 15/23 23/8 24/18 33/14
**objects [2]** 12/19 18/21
**observation [1]** 12/2
**observations [1]** 9/14
**obtaining [1]** 8/19
**obvious [1]** 30/10
**obviously [2]** 15/6 32/8
**occurred [1]** 20/22
**occurs [1]** 20/16
**off [6]** 4/14 10/19 10/22 14/15 14/21 17/2
**off-branding [1]** 10/22
**off-label [1]** 10/19
**offer [1]** 12/15
**offering [1]** 11/25
**official [4]** 20/2 20/10 20/18 36/10
**oftentimes [1]** 12/21
**Okay [8]** 4/16 4/23 15/12 21/20 24/16 25/7 32/16 34/4
**old [2]** 7/11 28/4
**omitted [1]** 8/11
**once [1]** 33/6
**one [19]** 4/13 5/4 14/1 14/4 14/5 16/20 17/16 17/20 18/15 19/13 20/25 21/2 23/1 23/9 24/23 27/10 27/10 30/13 34/10
**ones [2]** 14/20 33/24
**only [4]** 13/7 26/4 27/15 32/5
**only have [1]** 27/15
**oOo [1]** 36/2
**open [2]** 5/12 30/5
**opening [4]** 6/2 21/25 23/4 24/13
**operating [1]** 20/10
**opinion [2]** 10/3 12/15
**opportunity [3]** 19/14 19/19 27/2
**opposing [1]** 23/10
**order [1]** 33/22

**O**

OREGON [3]  1/2 1/6 7/2
organization [1]  21/7
original [1]  36/6
Oswald [6]  2/3 4/9 14/17 22/8 22/21 24/7
other [16]  4/13 7/23 7/25 9/15 9/24 10/9 10/14 16/8 16/24 17/20 18/5 18/6 23/6 23/11 23/16 26/19
otherwise [2]  13/10 34/9
our [9]  4/12 4/13 5/6 14/7 21/24 25/17 31/15 31/16 33/5
out [7]  19/18 24/12 25/15 31/17 33/15 33/16 34/9
outcome [1]  10/18
outside [2]  18/2 30/12
outstanding [1]  17/19
over [1]  15/25
overlooked [1]  26/15
overruled [2]  13/13 13/14
own [1]  12/12

**P**

p.m [1]  5/10
PA [1]  2/10
package [1]  20/25
page [3]  2/7 7/14 15/22
Palo [1]  2/7
panel [1]  32/10
part [6]  7/5 7/5 9/13 9/13 12/22 28/2
particular [1]  22/1
parties [3]  9/9 11/11 30/4
partner [1]  28/2
party [4]  19/13 19/18 22/19 22/20
past [1]  33/1
Pat [1]  25/18
pattern [1]  10/11
Payne [1]  5/5
people [2]  29/8 32/17
percent [1]  22/7
peremptory [2]  32/5 33/9
perfect [3]  15/2 15/7 27/24
perhaps [2]  6/19 33/8
permitted [1]  27/3
person [5]  7/25 22/3 27/24 32/22 34/10
personal [5]  9/14 10/4 11/6 12/11 22/6
persuaded [2]  7/9 7/12
Peter [3]  4/11 24/21 24/22
pharmaceutical [2]  29/25 29/25
Pharmaceuticals [2]  1/6 4/5
pharmacy [1]  29/23
Philadelphia [1]  2/10
phone [1]  8/5
phonetic [1]  4/11
plaintiff [25]  1/4 2/2 7/6 7/13 8/2 8/7 8/9 8/18 9/18 10/5 10/21 11/9 11/16 12/3 13/1 13/4 21/24 21/24 22/14 22/15 23/3 28/20 31/24 31/25 33/12
plaintiff's [32]  6/24 7/3 7/14 7/20 8/4 8/6 8/13 8/16 8/17 8/23 8/25 9/2 10/1 10/15 10/23 11/7 11/8 11/16 11/23 11/25 12/3 12/5 12/9 12/11 12/16 12/20 13/18 13/20 14/23 16/4 16/16 22/3
plaintiffs [3]  4/7 11/14 17/5
plane [1]  7/8
Planeuff [2]  4/11 24/22
please [3]  4/19 27/22 34/9
point [6]  19/1 21/13 22/5 23/9 33/5 33/6
Pomponi [3]  6/25 7/18 8/3
Pomponi's [2]  7/2 8/2
portion [2]  4/12 17/16
portions [1]  26/3
Portland [3]  1/6 2/13 2/18
position [4]  19/24 21/8 23/16 23/17
possible [2]  25/7 25/15
possibly [1]  30/6
post [1]  7/13
post-1996 [1]  7/13
poster [2]  27/17 27/24

postulating [1]  27/8
potential [1]  11/5
potentially [2]  21/10 21/11
pre [1]  26/21
pre-received [1]  26/21
prearrange [1]  33/5
precisely [1]  21/8
prejudicial [2]  8/20 9/6 9/21 10/6 11/21 13/12
preliminary [5]  5/25 6/2 14/4 14/5 14/10
preplanned [1]  7/15
preponderance [1]  28/21
present [1]  28/20
pretext [4]  10/12 10/23 10/25 11/5
pretrial [3]  1/10 3/3 4/3
pretty [1]  28/16
previously [1]  33/23
prior [6]  5/11 11/2 11/2 29/7 31/15 33/8
private [2]  11/3 32/23
probably [2]  18/5 31/18
probative [3]  8/20 9/20 21/15
problem [1]  13/14
procedures [4]  5/20 16/9 16/14 24/20
proceedings [2]  34/15 36/5
produce [3]  6/25 8/3 13/9
produced [1]  13/7
producing [2]  7/23 17/24
production [1]  18/3
professionals [1]  20/11
promise [1]  24/6
promotion [1]  29/15
promotional [1]  10/19
proof [2]  28/19 28/21
proposing [1]  17/12
protected [1]  10/15
provide [1]  21/12
Provided [1]  29/19
providing [1]  12/4
publicly [1]  11/4
purported [2]  12/4 23/6
purposes [1]  30/22
pursuant [3]  8/20 9/20 9/21
put [3]  23/4 24/1 34/6
putting [1]  24/3

**Q**

qualifications [1]  12/24
question [8]  7/22 16/15 24/23 25/2 26/4 26/7 30/10 33/17
questions [24]  5/20 5/21 5/23 16/9 16/14 24/19 26/14 26/16 26/24 27/1 27/3 27/10 27/18 28/14 28/15 28/22 28/22 28/25 29/2 29/22 30/7 30/21 30/23 34/2
quick [1]  18/6
quickest [1]  18/5
quite [2]  28/14 29/2
quote [1]  27/16

**R**

race [1]  29/16
raise [2]  28/11 30/9
raised [1]  10/19
raising [1]  10/22
ranking [1]  20/18
rather [3]  8/22 10/21 27/8
RDR [2]  2/17 36/10
reach [1]  34/9
reached [1]  15/24
read [11]  6/14 14/3 14/10 14/21 14/22 15/2 16/4 25/24 28/9 28/10 32/3
reading [2]  14/15 14/23
ready [1]  5/7
really [7]  6/14 16/1 19/24 20/5 23/16 23/24 34/7
reason [5]  13/7 20/4 21/18 30/2 32/12
reasonable [1]  10/21
reasons [2]  20/8 29/16

**R**

rebuttal [2]  12/9 23/10
receive [2]  16/12 26/1
received [1]  26/21
receiving [1]  19/18
recent [1]  6/21
recently [1]  14/18
recess [1]  34/12
recognize [1]  28/11
recognized [1]  10/13
recommend [1]  25/23
record [3]  4/8 24/11 36/5
records [3]  15/9 24/9 24/10
recounting [1]  19/24
recounts [1]  21/1
redact [3]  17/1 17/8 17/13
refers [1]  22/4
regarding [6]  7/15 7/18 7/19 8/23 9/24 12/14
related [4]  8/18 10/11 11/25 17/24
relationship [1]  12/2
relevant [11]  9/20 10/16 10/25 12/13 13/13 13/16 16/24 16/25
17/11 21/14 28/1
relied [1]  8/21
rely [1]  8/22
relying [1]  10/3
remain [5]  13/25 14/12 15/17 17/19 18/12
remaining [1]  32/2
remember [2]  26/18 27/15
remind [1]  31/6
reminded [1]  26/17
remote [7]  6/23 7/12 11/12 25/1 25/5 25/19 25/23
renewed [1]  7/3
rep [1]  29/25
rephrasing [1]  12/3
replies [1]  26/23
report [2]  20/21 29/9
REPORTER [2]  2/17 36/10
reports [2]  12/16 21/9
representative [3]  18/23 19/5 20/17
representatives [2]  18/18 19/21
represents [1]  23/11
reputation [1]  12/11
reputational [1]  9/25
request [2]  10/1 17/1
research [1]  6/16
reside [1]  28/2
resolve [3]  9/9 14/10 34/7
resolved [1]  15/5
resource [1]  20/11
resources [9]  18/17 18/20 18/23 19/5 19/21 20/6 20/16 21/6
23/12
respect [3]  16/16 22/12 33/13
respond [2]  19/14 20/3
responding [2]  18/19 19/22
response [3]  18/7 19/6 20/12
responsibilities [2]  11/20 24/8
responsibility [1]  19/8
rest [2]  17/13 24/18
results [1]  9/16
reveal [1]  30/18
reviewing [1]  20/14
Riechert [3]  2/6 4/21 7/24
right [11]  14/16 18/1 18/15 19/4 19/4 23/20 25/10 30/19 32/25
33/1 33/25
rightly [1]  24/2
RMR [1]  36/10
Road [1]  2/7
Robert [1]  2/3
room [2]  2/18 25/21
rule [3]  7/17 23/10 24/10
Rule 43's [1]  7/17
ruled [2]  18/12 26/21

**Rules [1]**  8/22
ruling [2]  15/5 16/1
rulings [3]  15/16 16/3 16/16
RUSSO [1]  1/11
Ryan [5]  2/9 4/24 5/1 17/8 17/21

**S**

said [8]  18/22 18/23 19/25 20/9 22/17 23/19 24/2 24/4
sales [1]  29/25
same [6]  20/5 23/25 24/25 25/4 25/21 33/8
satisfaction [1]  34/2
Saturday [1]  6/23
say [7]  15/5 23/12 27/16 30/20 31/1 32/8 32/18
saying [1]  23/13
says [2]  19/3 21/5
scene [1]  27/8
Schwabe [2]  2/12 5/4
scope [1]  18/3
Scott [3]  2/3 4/9 14/14
screen [1]  14/13
scrivener [1]  5/6
Sears [3]  19/16 20/12 22/21
seated [1]  6/2
second [4]  14/1 15/22 20/5 22/12
secondhand [1]  21/6
secondly [1]  26/8
Section [1]  19/12
see [5]  5/9 13/14 14/1 26/8 26/11
seeing [1]  34/9
seems [1]  11/19
sees [1]  17/13
selected [1]  31/21
selection [2]  31/14 31/15
seminar [1]  29/18
send [3]  8/8 22/24 23/12
sends [2]  19/4 20/6
sensitive [2]  30/20 30/23
series [1]  14/22
serious [1]  22/9
serve [1]  30/5
set [2]  5/14 27/8
sets [1]  19/17
settlement [2]  11/2 11/3
Sevart [2]  12/9 12/14
Sevart's [1]  12/19
seven [2]  13/5 13/18
severance [1]  20/25
shall [1]  18/3
she [22]  12/17 18/18 18/22 19/1 19/3 19/4 19/10 20/8 20/8 21/5
21/6 21/8 21/16 21/17 22/5 22/7 22/7 22/8 22/16 22/19 24/2
24/3
she's [1]  21/7
short [1]  24/7
should [4]  13/6 15/4 20/4 33/23
shouldn't [1]  13/8
show [8]  13/8 17/12 21/24 25/8 25/11 25/22 31/23 31/25
showing [2]  25/19 25/19
shown [1]  22/9
side [6]  5/6 16/13 18/5 18/6 23/11 23/16
signature [3]  36/7 36/7 36/7
signed [1]  36/7
significance [1]  20/21
signing [1]  36/4
silence [1]  19/22
similar [2]  10/11 11/13
simple [1]  28/16
simply [4]  6/16 17/1 17/13 23/24
sir [3]  5/2 18/10 25/3
sitting [1]  27/23
six [1]  27/18
Skinner [3]  9/2 10/3 11/15
small [1]  25/25
Smith [2]  12/8 12/10

## S

Smith's [1]  12/10
so [38]
some [13]  6/9 6/18 14/3 14/7 14/18 15/13 28/13 28/25 29/20 30/23 30/24 32/17 33/6
somebody [4]  21/7 27/21 29/13 32/22
somehow [3]  13/8 21/6 23/14
someone [2]  21/9 22/24
something [3]  26/15 32/23 33/20
sometimes [2]  30/10 33/14
son [1]  28/5
sooner [1]  14/19
sorry [2]  25/3 25/14
spare [1]  28/6
special [1]  28/5
specialist [1]  12/18
specific [2]  5/21 29/22
speculation [1]  9/17
spent [1]  5/17
spouse [2]  28/1 28/4
staff [1]  27/19
stand [2]  22/16 22/16
standard [8]  7/10 7/11 21/1 21/12 22/22 22/24 30/2 31/16
standards [1]  21/11
start [6]  6/21 14/14 16/1 22/1 28/16 31/24
starting [2]  4/19 21/13
state [2]  8/22 28/12
statement [7]  7/21 8/10 8/13 8/15 19/12 19/14 19/22
statements [3]  6/2 18/22 20/14
STATES [3]  1/1 1/12 2/17
status [2]  5/11 19/2
step [1]  23/1
Stickle [3]  9/2 10/3 11/15
still [4]  14/20 14/25 24/13 24/15
stipulated [1]  11/11
story [1]  12/20
Street [2]  2/4 2/10
strike [3]  7/20 8/12 26/23
structure [1]  27/1
subject [4]  11/15 22/17 23/12 34/1
subjected [1]  29/14
submit [1]  18/1
submitted [5]  5/24 6/15 8/9 14/7 28/15
subpoenas [1]  8/8
such [2]  26/1 29/16
Suite [1]  2/12
summary [1]  23/7
supervising [1]  29/8
supplemental [4]  7/20 8/10 8/13 9/3
sure [7]  16/1 16/6 17/17 19/3 20/8 31/14 33/2
sustain [1]  23/7
sustaining [1]  12/10
Suzanne [3]  1/3 4/10 21/2
SW [2]  2/12 2/18
switch [1]  25/7
switching [1]  25/22
system [6]  24/25 25/4 25/8 25/8 25/10 25/10

## T

table [2]  27/22 31/22
tables [1]  27/21
take [7]  7/4 7/6 8/2 12/21 16/2 18/15 22/25
taken [1]  29/5
takes [1]  16/7
taking [2]  23/15 30/15
Talcott [2]  2/11 5/3
talk [2]  14/21 28/18
talking [2]  16/8 30/17
tasked [1]  19/8
tech [2]  4/12 4/12
technology [2]  24/24 26/5
telephone [1]  5/11

tell [1]  22/6
ten [1]  29/20
terminated [1]  29/16
termination [2]  10/23 21/14
terms [2]  6/13 23/21
test [2]  19/18 25/15
testify [6]  9/13 10/4 12/14 12/20 22/16 23/5
testifying [2]  12/1 22/19
testimony [31]  6/23 7/4 7/6 8/3 8/11 8/18 8/25 9/4 9/6 9/12 9/14 9/16 9/23 10/4 10/7 11/9 11/12 11/13 11/18 11/25 12/10 12/12 12/19 12/23 12/25 13/1 13/2 22/4 22/10 24/24 25/5
text [6]  16/22 16/24 17/3 17/9 17/13 25/25
than [8]  7/16 8/20 8/22 9/20 16/8 26/19 27/8 28/21
Thank [22]  4/16 4/17 5/8 8/1 9/10 15/3 15/7 15/12 15/15 16/5 18/8 18/9 21/20 24/16 26/6 28/8 34/3 34/4 34/5 34/11 34/13 34/14
Thanks [1]  24/11
that [192]
that's [14]  17/3 17/10 18/5 18/15 19/25 23/1 23/16 25/11 30/14 30/14 32/21 32/25 33/25 33/25
their [22]  4/14 7/7 9/14 10/4 12/2 12/22 13/9 18/20 19/10 19/22 20/2 20/11 21/25 23/17 23/21 23/22 25/5 26/1 28/12 28/12 30/9 30/18
them [20]  6/8 6/9 14/15 14/19 14/21 14/21 14/22 17/12 19/25 20/2 24/17 27/9 27/10 28/12 28/16 30/4 30/24 31/11 32/19 33/19
themselves [1]  4/19
then [28]  4/13 4/18 5/19 6/9 6/17 6/20 8/7 14/1 18/6 19/4 19/14 19/15 19/19 27/2 28/6 28/9 28/13 28/18 28/25 29/2 29/17 29/22 30/18 31/23 31/24 32/1 33/4 33/5
theory [1]  22/19
there [30]  5/15 6/18 8/5 8/7 8/17 9/7 9/15 14/7 16/18 16/19 16/21 16/24 19/6 20/11 21/3 22/4 23/10 25/17 26/9 26/18 27/17 27/21 28/15 28/20 30/2 31/23 32/17 33/14 33/21 33/23
thereafter [1]  20/22
therefore [3]  8/24 19/23 19/25
these [17]  6/14 6/17 13/9 13/24 14/18 15/13 18/21 20/5 21/8 21/23 21/25 22/6 23/3 24/13 24/18 28/22 30/21
they [40]
they're [2]  23/15 30/16
things [3]  23/23 24/9 26/2
think [28]  4/11 5/9 6/22 7/7 10/20 13/4 13/23 13/25 14/20 15/14 15/24 16/6 16/10 16/12 16/26 16/25 17/3 19/7 23/1 23/24 26/22 27/14 27/15 27/18 28/15 31/18 33/18 33/25
third [2]  2/18 11/16
this [48]
Thomsen [3]  9/1 10/2 11/15
thorough [1]  5/16
thoroughness [1]  10/24
those [27]  5/25 6/2 6/9 9/1 9/8 9/9 9/13 10/4 12/1 13/7 13/18 15/5 16/12 16/23 17/4 17/24 18/2 18/12 20/14 22/13 23/8 24/9 25/1 26/23 30/25 33/15 33/16
three [7]  6/21 8/17 17/19 18/11 21/23 23/8 31/9
through [19]  5/18 5/18 6/16 9/8 15/4 15/10 15/10 15/10 15/11 15/11 15/16 15/18 15/18 15/20 15/23 16/23 17/4 17/11 27/9
throw [1]  23/3
time [10]  5/17 6/6 6/11 7/12 11/9 11/13 25/21 28/6 33/8 34/4
times [1]  25/24
Title [1]  10/14
Title VII [1]  10/14
today [4]  5/6 5/15 16/8 33/22
together [2]  22/13 34/6
told [3]  19/2 23/13 27/14
Tom [1]  5/5
tonight [1]  16/4
too [4]  9/23 23/1 23/14 24/3
took [1]  16/10
total [1]  11/9
touch [1]  32/15
toward [1]  9/15
town [1]  28/2
trained [1]  29/23
training [2]  28/6 29/23

**T**

**transcript [2]** 36/5 36/6
**treated [2]** 29/3 29/20
**treatment [2]** 10/14 20/23
**tremendous [1]** 5/17
**trial [12]** 5/9 5/21 6/6 6/25 7/4 9/22 16/9 16/14 22/7 24/20 25/16 26/2
**true [1]** 10/22
**try [2]** 31/22 34/7
**Tuesday [1]** 33/24
**turn [2]** 4/14 18/16
**two [4]** 7/6 7/8 19/7 20/14
**two-hour [1]** 7/8
**type [1]** 29/11
**typically [3]** 25/21 31/1 32/23

**U**

**U.S [2]** 19/16 20/12
**unable [1]** 30/3
**unbiased [1]** 32/22
**uncommon [1]** 12/20
**under [7]** 10/10 18/24 19/12 19/23 20/12 24/5 24/10
**understand [2]** 17/25 19/19
**understanding [2]** 16/21 21/24
**understands [2]** 19/13 20/8
**Understood [2]** 31/5 33/10
**unduly [3]** 9/5 10/6 13/12
**unfairly [1]** 29/3
**unfounded [1]** 9/5
**UNITED [3]** 1/1 1/12 2/17
**Unlike [1]** 11/3
**unopposed [1]** 8/24
**up [12]** 5/14 12/21 14/1 23/3 26/14 26/25 27/3 27/17 30/7 30/16 32/1 34/8
**updated [1]** 14/7
**upon [1]** 14/8
**us [9]** 4/12 5/5 23/13 24/22 24/22 26/19 27/2 27/9 33/4
**use [2]** 17/12 23/6
**used [2]** 21/2 24/13
**using [2]** 24/25 25/5
**usually [1]** 32/21

**V**

**vacation [1]** 7/15
**vaccine [1]** 29/1
**various [2]** 24/2 27/10
**venire [2]** 27/4 30/16
**verdict [2]** 6/10 6/12
**version [1]** 22/14
**versus [3]** 4/4 27/5 28/19
**very [7]** 14/17 15/15 27/17 28/18 32/12 34/1 34/11
**via [2]** 8/3 8/11
**video [4]** 4/3 7/6 8/3 8/11
**VII [1]** 10/14
**voir [5]** 5/23 26/7 26/9 26/10 27/1

**W**

**wait [2]** 33/5 33/7
**waiving [1]** 33/2
**walk [1]** 31/21
**want [13]** 4/14 14/22 15/25 17/8 17/11 17/25 19/3 30/21 31/11 32/8 33/2 33/4 33/24
**wanted [2]** 5/22 16/20
**wants [2]** 21/24 23/3
**was [25]** 5/23 8/3 8/5 8/7 8/10 10/22 14/5 16/21 17/15 17/24 19/25 20/1 20/9 20/20 20/20 20/21 21/1 21/1 21/2 21/3 21/6 21/12 21/13 22/4 26/4
**Washington [1]** 2/4
**wasn't [1]** 21/5
**watch [1]** 10/6
**wave [1]** 31/2
**way [3]** 31/22 32/21 32/25

**we [68]**
**we've [1]** 32/25
**week [2]** 14/2 30/5
**Welch [1]** 33/14
**Welch's [1]** 13/1
**welcome [6]** 5/8 5/12 5/13 18/4 18/6 31/3
**well [11]** 6/15 7/19 11/24 15/6 15/25 19/24 21/5 21/19 23/13 32/5 33/1
**were [17]** 6/22 6/22 7/13 9/9 10/15 13/7 13/9 14/3 16/6 16/11 18/2 22/16 23/10 23/17 24/13 31/15 31/16
**weren't [1]** 14/19
**what [21]** 18/18 18/18 18/22 18/22 19/1 19/10 19/25 21/12 21/16 22/5 22/8 22/17 23/13 23/17 23/19 24/2 24/3 24/4 28/2 28/6 30/25 31/20
**when [10]** 16/18 20/20 21/17 22/7 23/12 24/17 25/15 30/11 31/10 31/13
**where [5]** 19/12 21/8 27/25 28/1 28/1
**whether [4]** 10/20 10/22 20/24 23/6
**which [10]** 11/20 19/16 19/17 19/18 20/7 21/9 22/14 22/22 22/24 24/1
**whistleblowers [1]** 12/21
**who [8]** 4/12 10/15 19/7 20/10 20/17 20/18 28/20 32/22
**whose [1]** 24/8
**why [2]** 18/2 20/9
**will [52]**
**Williamson [2]** 2/12
**within [4]** 7/16 23/18 25/11 25/20
**without [1]** 36/6
**witness [15]** 5/19 6/25 7/20 8/4 8/6 8/10 8/13 8/15 11/9 22/10 23/19 24/23 25/19 25/23 28/13
**witnesses [17]** 7/4 7/23 7/25 8/8 9/13 10/2 10/4 11/8 11/12 11/23 23/5 25/1 25/5 26/17 28/10 33/21 33/23
**witnesses' [1]** 9/12
**words [1]** 23/4
**work [7]** 5/18 12/11 12/22 29/9 29/24 30/14 34/5
**Worked [2]** 29/25 30/1
**working [2]** 10/5 34/6
**workplace [2]** 9/19 29/15
**would [30]** 4/7 8/5 9/17 14/5 14/9 14/9 14/9 14/10 14/16 15/2 15/3 16/23 17/18 20/13 21/15 21/18 22/19 22/22 22/23 23/7 23/14 23/22 24/13 24/15 28/20 28/23 31/13 32/11 32/18 32/19
**wouldn't [1]** 32/12
**writes [1]** 19/3
**writing [3]** 20/8 23/23 27/11
**written [1]** 24/3
**Wyatt [1]** 2/12

**Y**

**year [2]** 7/16 28/4
**years [2]** 7/11 29/21
**yes [5]** 5/2 17/15 24/23 25/6 26/15
**yet [1]** 18/12
**you [115]**
**you'll [1]** 27/2
**you're [3]** 5/11 5/13 30/19
**you've [1]** 22/25
**your [50]**
**Your Honor [24]** 4/11 5/7 7/24 13/22 16/5 16/23 17/6 17/18 18/11 22/1 22/23 23/2 23/7 23/9 24/6 24/11 24/21 25/12 26/25 31/16 32/7 32/16 32/18 33/10
**Your Honor's [1]** 33/15
**yourselves [1]** 4/7

**Z**

**zoom [1]** 26/3