IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUZANNE IVIE,

        Plaintiff,

        v.

ASTRAZENECA PHARMACEUTICALS, LP,

        Defendant.

Case No. 3:19-cv-01657-JR

OPINION & ORDER

RUSSO, Magistrate Judge:

As "master of her complaint" a plaintiff inevitably makes strategic choices about what claims to bring against a defendant, and where to file her case. Here, plaintiff Suzanne Ivie chose to sue defendant Astrazeneca Pharmaceuticals, LP, in federal court in the District of Oregon, and chose to allege, *inter alia*, that Astrazeneca had violated Oregon's Whistleblower Protection Law, ORS § 659A.199(1). After a six-day trial, the jury ruled for the plaintiff on her state law whistleblower claim and awarded significant damages. Astrazeneca then renewed its motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), arguing that plaintiff failed to present the jury with the threshold, necessary factual connections with Oregon for the whistleblower protection law to apply to this case or these parties. That motion is now before the Court. For the following reasons the Court finds plaintiff failed to present facts required for the jury to find for plaintiff on the whistleblower protection claim. The Court therefore grants defendant's motion, vacates the judgment, and enters judgment in favor of the defendant.

Page 1 – OPINION & ORDER

**LEGAL STANDARD**

Motions for judgment as a matter of law are governed by Federal Rule of Civil Procedure 50. Rule 50(a) governs pre-verdict motions, and Rule 50(b) applies to post-verdict motions. In the Ninth Circuit, a motion for judgment as a matter of law pursuant to Rule 50(b) is appropriate when the evidence permits only one reasonable conclusion, and that conclusion is contrary to that of the jury. *Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1046 (9th Cir. 2009). Thus, a party cannot properly "raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). All evidence must be viewed in the light most favorable to the nonmoving party, and the court must draw all reasonable inferences in that party's favor. *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). The Court must also "disregard all evidence favorable to the moving party that the jury is not required to believe." *FiftySix Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1069 (9th Cir. 2015). "[I]n entertaining a motion for judgment as a matter of law, the court ... may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A jury verdict "must be upheld if it is supported by substantial evidence ... even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002).

**DISCUSSION**

The Court does not question a jury's verdict lightly. The bar to relief under Rule 50 is high, and for good reason: the jury trial right is protected by the Seventh Amendment and a core element of both the integrity of our judicial system[1] and the vibrancy of our political society.[2] But when

---

[1] The Federalist No. 83, pp. 569-70 (J. Cooke ed. 1961).
[2] De Tocqueville, Democracy in America, Vol. 1, at 260-62.

Page 2 – OPINION & ORDER

plaintiff elected to file this claim in Oregon, alleging violations of Oregon's employment statutes, she erected for herself the hurdle of proving that defendant's purportedly unlawful acts were subject to Oregon's legislative jurisdiction. On review, this is a purely legal question, and the Court need not and does not question any of the jury's factual findings. For the following reasons, AstraZeneca's Rule 50(b) motion is granted. The judgment is vacated, and judgment is awarded in defendant's favor.

## I. Defendant Did Not Waive Its Rule 50(b) Arguments

Plaintiff first argues that AstraZeneca waived the argument that Oregon's whistleblower protection statute cannot apply because it failed to plead it among its affirmative defenses. Plaintiff cites Federal Rule of Civil Procedure 8(c)(1), which provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Without pointing to any supporting precedent, plaintiff suggests that defendant's Rule 50(b) argument is an "avoidance" that must be pled in an Answer, or else it is waived. The Court disagrees.

Although plaintiff attempts to characterize AstraZeneca's Rule 50(b) motion as raising an "avoidance," the Court finds it more akin to the defense that plaintiff failed to state a claim upon which relief could be granted. AstraZeneca timely pled "failure to state a claim" as an affirmative defense in its Answer. ECF 36 ¶116. And again, in its Rule 50(a) and (b) motions, Astrazeneca argues that plaintiff failed to prove the "factual nexus between Oregon and an alleged discriminatory or retaliatory act," which is required to state a claim under Oregon's Whistleblower Protection Law. *See* ECF 134 at 3 (50(a)); ECF 152 at 11 (50(b)). Indeed, plaintiff had the burden to establish her entitlement to relief under Oregon's Whistleblower Protection Law at trial: "the ordinary default rule [is] that plaintiffs bear the risk of failing to prove their claims." *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56 (2005)"); *Nayab v. CapitalOne Bank (USA), N.A.*, 942 F.3d

Page 3 – OPINION & ORDER

480, 494 (9th Cir. 2019). Because plaintiff had more than adequate notice that AstraZeneca would raise a defense that plaintiff failed to allege a basis for liability under Oregon's Whistleblower Protection Law, plaintiff cannot now cry foul that AstraZeneca renews this defense at the Rule 50 stage.[3]

Nor did AstraZeneca waive the conflict of laws or constitutional arguments it raises for the first time in its Rule 50(b) motion. Plaintiff argues that AstraZeneca did not raise, and therefore did not properly preserve, the arguments that the federal Constitution and Oregon's choice of law rules support dismissal in its Rule 50(a) motion. Generally speaking, plaintiff is right—the court may only consider an issue raised in a Rule 50(b) motion if that same issue was previously raised in a Rule 50(a) motion. *See Cleavenger v. Univ. of Oregon*, No. CV 13-1908-DOC, 2016 WL 814810, at *7 (D. Or. Feb. 29, 2016). But the Ninth Circuit is clear that a party can argue the "logical extension[s]" of its Rule 50(a) arguments on a renewed 50(b) motion. *See E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 962 (9th Cir. 2009). Here, defendant renews its argument that Oregon's state laws do not reach its conduct proven at trial and adds additional reasons for it. These additional reasons address the same legal issue—failure to prove sufficient factual nexus between Oregon and plaintiff's claim—and rely on the same basic premise of the Rule 50(a) submission: that plaintiff failed to prove facts necessary to support Oregon's jurisdiction. Because

---

[3] Plaintiff also argues AstraZeneca waived its defense because it was not specifically addressed in the Court's Pretrial Order. Plaintiff is incorrect. As highlighted above, AstraZeneca identified "failure to state a claim" in its Answer and in the Pretrial Order. *See* ECF 36, 66. Even if this were not enough, the Ninth Circuit has held an argument like AstraZeneca's—that plaintiff failed to bear her burden of proof on a claim—does not need to be raised as an affirmative defense (or by extension, in a pretrial order) to be preserved. *See Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). Courts within this District have likewise found that such "negative defenses typically do not have to be pled to avoid waiver." *Adidas Am., Inc. v. Aviator Nation, Inc.,* No. 3:19-CV-02049-HZ, 2021 WL 91623 at *3 (D. Or. Jan. 10, 2021).

Page 4 – OPINION & ORDER

these constitutional and choice of law arguments are natural outgrowths of AstraZeneca's Rule 50(a) motion, the Court finds they are appropriate to consider here.[4]

## II. To Uphold the Jury's Verdict Would Violate Oregon's State Law Presumption Against Extraterritoriality

Plaintiff chose to file this case in the District of Oregon, alleging, among other things, that defendant violated Oregon's Whistleblower Protection law. In doing so, plaintiff opted to be bound by the substantive state law of Oregon, including Oregon's common law and statutory presumption against extraterritorial effect of its employment statutes. Because plaintiff failed to overcome this presumption, and to provide the jury with a basis to find Oregon's Whistleblower Protection Law applied to these facts and these parties, the Court must vacate the judgment under Rule 50.

Oregon courts have consistently held that statutes must be construed to prohibit their extraterritorial application unless the language of the statute shows Oregon's Legislature intends them to have a broader scope. *State v. Meyer,* 183 Or. App. 536, 544-45 (2002). The Oregon Supreme Court has held that "[n]o legislation is presumed to be intended to operate outside of the jurisdiction of the state enacting it. In fact, a contrary presumption prevails, and statutes are generally so construed." *Swift & Co. v. Peterson*, 192 Or. 97, 121 (1951) (citing *Sandberg v. McDonald*, 248 U.S. 185 (1918)); *see also State ex rel Juvenile Dept. v. Casteel*, 18 Or. App. 70, 75 (1974) ("It is axiomatic that the laws of a state have no extraterritorial effect.").[5]

---

[4] Even if AstraZeneca had not sufficiently raised its arguments that plaintiff was required to affirmatively prove that she was entitled to relief under the Oregon Whistleblower Protection Law, this Court would still review its arguments under the plain error standard. *Go Daddy*, 581 F.3d at 961-62. Under that standard, the Court may "review[s] the jury's verdict for plain error" and can reverse where that error "would result in a manifest miscarriage of justice." *Id.* It would be plain error to award judgment under ORS § 659A.199(1) and apply the wrong state's law, so the Court's analysis is the same no matter which standard applies.

[5] Recent scholarship has suggested that Oregon's presumption against extraterritoriality of its state laws is "unclear" despite the clear and undisturbed precedent of *Swift & Co. See* William S. Dodge, *Presumptions Against Extraterritoriality in State Law*, 53 U.C. Davis L. Rev. 1389, 1449 (2020). Plaintiff has not

Page 5 – OPINION & ORDER

The Court will not depart from Oregon's default rule that its statutes ought not apply to conduct or people beyond its borders absent language about extraterritorial effect. This is the rule of *Swift & Co.*, where the Court held that when a statute is "silent" as to its application to out-of-state conduct, that "demonstrate(es) that the legislature had no intention to reach" conduct out-of-state, "well knowing that it had neither jurisdiction nor power to compel" out-of-state actions. 192 Or. at 121-22; *see also* Meyer, 183 Or. App. at 547. Here, nothing in Oregon's Whistleblower Protection Law discloses any intent for the law to operate outside of Oregon:

> It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions, or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule, or regulation.

ORS § 659A.199(1). The statute has no language to suggest it should (or could) apply outside Oregon. Without language about geographic scope or any other structural indication that ORS § 659A.199(1) should apply outside Oregon's borders, the Court therefore presumes it has no effect on conduct or to individuals outside of the state.

After a six-day trial, plaintiff failed to introduce any evidence that the facts or individuals underlying its whistleblower protection claim connect to Oregon. Plaintiff's complaint alleges that she is a Utah resident, and she did not dispute at trial that she lived in Utah throughout the time she was employed by AstraZeneca. *See* ECF No. 35, ¶ 5, Trial Tr. Day 4, 145:7-151. When plaintiff met with supervisors and coworkers, those meetings normally occurred in Utah; none occurred in

---

identified any case or statute that calls *Swift & Co.*'s rule into question, and this Court has not found any such precedent on its own initiative. The Court assumes that the presumption against extraterritoriality announced in *Swift & Co.* remains binding precedent in the State of Oregon, and therefore follows its holding in deciding this question.

Oregon. *Id.*, 199:24- 200:05. To the extent plaintiff proved her work had any central point, that point was Utah. As plaintiff testified, she took most work-related calls from her home office in Utah, including those involving Human Resources about her complaints of off-label marketing, performance, and termination. *Id.*, 200:6-17.

Crucially, none of the facts relevant to plaintiff's whistleblower claim even allegedly occurred while she was working in Oregon, or even occurred in Oregon. The district meetings where plaintiff alleged a discussion of unethical sales tactics occurred in Utah. *Id.*, 199:24-200:05. AstraZeneca's Human Resources and Compliance departments interviewed plaintiff about her ethics complaints from places other than Oregon. Trial Tr., Day 2, 189:9-12. All decisions concerning plaintiff's termination were made in Delaware, Texas, or Idaho, and communicated to plaintiff in Utah. Trial Tr., Day 2, 88:17-21; Day 4, 200:6-17. Similarly, no one at AstraZeneca relevant to plaintiff's ethics hotline complaint, or her termination, worked from Oregon. Ivie's supervisor Stephanie Dinunzio, whom plaintiff alleged in her ethics complaints had encouraged off-label sales tactics, worked from Boise, Idaho. Trial Tr., Day 3, 126:21-22. Matthew Gray, DiNunzio's manager, who made the termination decision, worked in Delaware. *Id.*, 154:21-25. Amy Welch, the Human Resources Business Partner, worked in Delaware. Trial Tr., Day 5, 123:10-11. Former Senior Employment Practices Partner Karen Belknap, who led the investigation into the HR aspects of plaintiff's ethics hotline complaint, worked out of her home in Dallas, Texas. Trial Tr., Day 2, 88:17-21. Senior Assurance Partner Mike Pomponi who led the investigation into the Compliance aspects of plaintiff's complaint, worked in Delaware. *Id.*, 88:15-21. Senior Employee Relations Partner Dawn Ceaser worked in Delaware. *Id.*, 146:8-9. The harder the Court looked at the evidence presented to the jury the more difficult it was to find any connection to Oregon at all; all the individuals surrounding plaintiff's allegation of whistleblower

Page 7 – OPINION & ORDER

retaliation worked elsewhere, plaintiff worked in Utah, and all the relevant complaints and decisions relevant to the whistleblower claim occurred outside of Oregon.

Plaintiff does not contest this, but instead argues that because her territory included part of Oregon, she was an "employee" as defined by Oregon's employment statutes and should be covered by Oregon's Whistleblower Protection Law. ECF 136 at 5. This is weak tea, and not enough to make the required connection between Oregon and the facts of this case for ORS § 659A.199(1) to apply. Simply performing an unspecified amount of work in Oregon does not support the extraterritorial application of Oregon law to the entirety of her employment with AstraZeneca, or to the claim plaintiff alleges here. In each case the parties cite where a plaintiff-"employee" is protected by one of Oregon's employment statutes, that plaintiff either lives in Oregon or performs relevant work underlying her claim in Oregon. *See* ECF 152 at 9-11, ECF 160 at 19-21. At most, plaintiff presented evidence at trial that she oversaw others' conduct in Oregon, and even then, it was only a fractional part of her work that had nothing whatsoever to do with her whistleblower protection claim. As detailed above, all the relevant acts related to her complaints and AstraZeneca's alleged retaliation occurred outside Oregon. Because Oregon's rules of statutory interpretation dictate that its laws do not apply to conduct so centered outside the state, the Court finds plaintiff failed to prove facts to support her Oregon Whistleblower Protection law claim at trial, and therefore grants defendant's motion on this basis.

### III. To Uphold the Jury's Verdict Would Violate the Fourteenth Amendment

Even if Oregon state law did not prevent this Court from applying Oregon's whistleblower protection law to the evidence plaintiff presented at trial, the federal constitution likewise puts the facts of this case outside Oregon's legislative jurisdiction. When interpreting the territorial reach of Oregon's law, the Court must follow the interpretive guidance that "when one plausible

Page 8 – OPINION & ORDER

construction of a statute is constitutional and another plausible construction of a statute is unconstitutional, courts will assume that the legislature intended the constitutional meaning." *State v. Kitzman*, 323 Or. 589, 602 (1996), *Jones v. United States*, 526 U.S. 227, 239 (1999). The Court must therefore construe Oregon's statute not to extend to the facts of this case because to do so would violate the Due Process Clause of the Fourteenth Amendment.

In order to apply its law, a state must have "significant contacts" to the transaction or event at issue such that application of that state's law is not "arbitrary nor fundamentally unfair." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818 (1985). Specifically, "[t]he Due Process Clause prohibits the application of state law which is only casually or slightly related to the litigation." *Phillips*, 472 U.S. at 819. Applying that principle, the Ninth Circuit in *Sullivan v. Oracle Corp.*, 662 F.3d 1265, 1271 (9th Cir. 2011), held that the California Labor Code could apply to non-resident employees of a California corporation because the defendant's headquarters were in California, the decision to misclassify employees was made in California, and the unpaid overtime pay at issue was for "work performed in California." 662 F.3d at 1271. That is, in *Sullivan*, defendant had myriad contacts that justified the state exercising its jurisdiction without offending the Due Process Clause. No similar factors are present in this case. AstraZeneca did not make any relevant decisions about plaintiff's employment in Oregon and none of the events concerning plaintiff's employment and discharge occurred in Oregon. Interpreting Oregon's law to apply to conduct beyond its borders, to an employee that did not reside in the state, and who did not perform any of the work relevant to the lawsuit in the state would violate the Due Process Clause. The Court finds this an additional basis to grant defendant's motion for judgment as a matter of law on plaintiff's Oregon Whistleblower protection law claim.

**IV.     To Uphold the Jury's Verdict Would Violate Oregon's Choice of Law Rules**

Finally, the Court finds that Oregon's whistleblower protection law does not apply to the facts presented at trial under Oregon's choice of law rules. In determining whether a state statute applies to a cross-border case, analyzing the scope of the statute is often just the first step. If the law of another jurisdiction is also applicable, the second step must be to determine which law should be given priority by applying the conflicts rules of the forum. Plaintiff's complaint need not bring a claim under the law of another jurisdiction for the Court to engage in this analysis; Oregon law requires it. ORS § 15.445. And, since the Court must follow Oregon's choice of law rules when interpreting ORS 659A, it does so, and finds that this provides an additional basis to grant defendant's motion for judgment as a matter of law.

Plaintiff counters that the Court should not perform a conflict analysis in this case. As support, plaintiff points to *Erwin v. Thomas*, suggesting that where there is no actual conflict between Oregon's law or the laws of another state, or where no state has a significant interest, the Court should apply the law of the forum state (i.e., Oregon). But despite plaintiff's conclusory argument that no other state has an interest in this litigation, AstraZeneca established that there is a conflict between the whistleblower laws of Utah and Oregon. ECF 152 at 16-18. Notably, the presence of Oregon defendants in *Erwin* makes application of Oregon law to them fair and reasonable. Here, where there are no Oregon-resident parties present, and all relevant events occurred outside of Oregon, the same cannot be said. Furthermore, the wisdom of applying the forum state's law as a fallback principle in the absence of a conflict in the different bodies of state law available for possible application is irrelevant here because a substantive conflict exists, so any fallback rule drops out of contention as the pathway to a correct outcome.

Furthermore, Oregon has codified choice of law rules that override the precodification precedent plaintiff cites in an effort to avoid the conflict of law analysis.[6] First, looking to ORS § 15.430, Oregon law applies in actions "between an employer and an employee who is primarily employed in Oregon that arise out of an injury that occurs in Oregon." ORS § 15.430(6). Plaintiff did not present facts to the jury that she was "primarily employed in Oregon" nor did she show her case "arise[s] out of an injury that occur[red] in Oregon." Had Oregon intended for its employment laws to cover employees who "partially" work in Oregon or to cover injuries that occurred outside of Oregon, the legislature would not have drafted this choice of law statute so narrowly. The Court therefore finds plaintiff failed to present facts to the jury that would meet the prerequisites of ORS § 15.430, and that she therefore failed to carry her burden to show the Oregon statute should apply to defendant's actions or this case. This is yet another independent, sufficient reason for the Court to grant defendant's motion.

Even if section 15.430 did not bar plaintiff's whistleblower claim, Oregon's choice of law rules further cement that Utah, rather than Oregon's laws should apply to this case. Where the laws of more than one jurisdiction arguably apply to an issue, a federal court entertaining a state law claim applies the choice-of-law rules of the state where it is located. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Oregon rules, the first consideration is whether there is an actual conflict between Oregon law and that of another state. *Fields v. Legacy Health Sys.*, 413 F.3d 943, 951 (9th Cir. 2005) (citing *Portland Trailer & Equip., Inc. v. A–1 Freeman Moving & Storage, Inc.*, 182 Or. App. 347 (Or. Ct. App. 2002). AstraZeneca identified a conflict with Utah law because Utah has no antiretaliation or whistleblower protection statute applicable to private-

---

[6] In acknowledging this development, the Oregon Supreme Court recently said of Erwin that it reflects a fallback mentality that, when material differences in the laws of two states are not shown, the preference is to apply the law of the forum. *Portfolio Recovery Assocs., LLC v. Sanders,* 366 Or. 355, 372 (2020).

Page 11 – OPINION & ORDER

sector employers. ECF 152 at 18 (citing Utah Code §§ 67-21-2(2) and 67-21-3). Plaintiff does not dispute the obvious conflict between Utah and Oregon law. In short, because Utah law is different and less favorable to plaintiff, she took a calculated risk by bringing her claims in Oregon, based on Oregon law. Having taken that risk, she must now accept the consequence of having presented no Oregon evidence to prove her Oregon claim.

The only way plaintiff could avoid the application of Utah (or even Delaware, Texas, or Idaho) law here is to affirmatively prove that Oregon law is the most appropriate law to apply under the general and residual approach to conflicts of laws found in ORS section 15.445. *Amos v. Brew Dr. Kombucha, LLC*, No. 3:19-cv-01663-JR, 2020 WL 9889190, at *2 (D. Or. Mar. 23, 2020) (applying Idaho law where plaintiff failed to provide any argument about Idaho law in response to challenge of plaintiff's choice of Oregon law); ORS § 15.440(4) ("If a party demonstrates that application to a disputed issue of the law of a state other than the state designated by subsection (2) or (3) of this section is substantially more appropriate under the principles of ORS § 15.445, that issue is governed by the law of the other state."). The general and residual approach also looks to the domiciles of the parties, the place of injury and the place of injurious conduct, which here would be the locations relevant to plaintiff's termination. S*ee, e.g., Alterra Am. Ins. Co. v. James W. Fowler Co.*, 347 F. Supp. 3d 604, 611 (D. Or. 2018). Plaintiff has not met her burden to identify the states with relevant contact with this dispute, identify their relative policies, and evaluate the relative strength of these policies and ultimately show that Oregon's interest somehow outweighs the interests of all other possible states. ORS § 15.445. Plaintiff does none of this by summarily declaring that Oregon has a substantial interest here. Without more, plaintiff fails to satisfy Oregon's choice of law rules' requirements for Oregon law to apply. This is yet another reason the Court finds § 659A.199(1) does not apply to the facts presented at trial,

Page 12 – OPINION & ORDER

and that defendant is therefore entitled to judgment as a matter of law. The Court grants defendant's motion on this basis as well.

## CONCLUSION

For these reasons, defendant's motion for judgment as a matter of law (ECF 152) is granted, and the parties' requests for oral argument are denied as unnecessary. Judgment (ECF 149) is vacated, and the Clerk is directed to enter an amended judgment in favor of defendant.

DATED this 5th day of November, 2021.


        /s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge